ABRAHAM KAMERMAN ET AL. *v*. ANTHONY M. LEROY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued October 2—decided November 8, 1946

*John P. Cotter*, with whom was *John W. Joy*, for the appellant (defendant Sebastian Miano).

*Joseph L. Shulman*, for the appellees (plaintiffs).

JENNINGS, J. The application of Sebastian Miano for permission to operate a liquor package store in a business zone in Hartford, brought directly to the zoning board of appeals, was granted by unanimous vote on the ground that it was not detrimental to public health and safety, and the remonstrants appealed. The Court of Common Pleas sustained the appeal, holding that the action of the board was unlawful, arbitrary and in abuse of its discretion.

Package stores in business zones are permitted only in accordance with § 204.2 of the Hartford zoning ordinances. § 201 (y). Section 204.2, as amended, forbids package stores in business zones "(a) On any part of a lot having a frontage, on either side of a public street, within fifteen hundred feet radius in any direction of any lot or plot upon which is located a building, or premises used for the

purpose of a package store selling all alcoholic liquors." It is admitted that the proposed package store is within fifteen hundred feet of four other package stores. It follows that, without some variation in this ordinance, Miano could not conduct a package store at the proposed location. The plaintiffs are the owners of package stores and tenements in the neighborhood.

In addition to the general powers usual in zoning laws, the revised charter of the city of Hartford contains certain provisions relating to the board of appeals: 23 Special Laws 1241 (§ 123), 1244 (§ 129). They read in part: § 123. "Such regulations may provide that a board of appeals may determine and vary their application in harmony with their general purpose and intent, and in accordance with general or specific rules therein contained." § 129. "Zoning Board of Appeals; modification of regulations. The zoning board of appeals may, in a specific case, after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the regulations established by ordinance in harmony with their general purposes and intent; but such determination and variation shall be made only pursuant to ordinances which specify the subjects and matters concerning which such variations may be considered by said board." See also General Statutes, Cum. Sup. 1935, § 88c.

These charter provisions have been implemented by the passage of an ordinance, § 213, authorizing the board of appeals to vary the application of the regulations in many respects. It reads in part as follows:

"Section 213. Board of Appeals. The board of

appeals may in a specific case, after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purposes and intent, as follows:

"(f) Vary any requirement of this ordinance in harmony with its general purpose and intent, so that substantial justice may be done. This authority shall be executed in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this ordinance.

"(s) Modify the provisions of sections 204.1 and 204.2 to permit a building to be erected or altered which is arranged, intended or designed to be used for a tavern, grill, restaurant selling alcoholic liquor or beer or a package store selling all alcoholic liquors."

It is apparent that the principle underlying these statutes and ordinances is that no variance in the regulations is permitted unless it is in harmony with their general purpose and intent. The power to vary should be sparingly used and confined to exceptional cases. *Thayer* v. *Board of Appeals,* 114 Conn. 15, 23, 157 A. 273. It is very important that the change be in harmony with the general purpose and intent of the zoning law. *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 541, 45 A.2d 828. These cases, which cite many others, involved the question of unnecessary hardship, but the discussion of the underlying principle is pertinent. It is true that such boards are necessarily given a wide discretion; *Blake* v. *Board of Appeals,* 117 Conn. 527, 533, 169 A. 195; note, 117 A.L.R. 1128; but

that discretion is subject to review in case of its abuse. See *Rommell* v. *Walsh,* 127 Conn. 272, 276, 16 A.2d 483. It is found that four package stores already exist within fifteen hundred feet of the proposed location. There is no finding by the board that the granting of the variance is in harmony with the general purpose and intent of the zoning law and ordinances. The conclusions of the trial court that it is contrary thereto and that the board abused its discretion are amply supported by the facts found.

The remaining assignments of error may be briefly noticed. The emphasis in argument, oral and written, was on the claim of the plaintiffs that proof of unnecessary hardship is not required when the application for a variance is by original application to the board as distinguished from an appeal. See Bassett, Zoning, p. 125; Smith, Zoning Law & Practice, §§ 117, 118. Be that as it may, the underlying principle just discussed still applies. The defendant also claimed that the liquor control commission has sole jurisdiction of the number of liquor outlets within a district zoned for liquor. This is sufficiently answered by reference to General Statutes, Sup. 1945, § 633h (2), which provides that permits shall be refused "where prohibited by the zoning ordinance of any city or town."

The city charter contains a provision giving to "any person or persons . . . aggrieved" a right of appeal from any decision of the board. 23 Special Laws 1244 (§ 130). The defendants claim that the plaintiffs are not "aggrieved" persons within the meaning of this provision. The trial court concluded that they were, but the finding, otherwise unusually complete, only states that they are the owners

of package stores and residential property in the neighborhood. Special damage must be found to support injunctive relief but the only relief of that nature sought was a temporary injunction evidently intended to preserve the status quo during the pendency of the appeal. The essential nature of the case is merely that of an appeal from the board. See *Fitzgerald* v. *Merard Holding Co.*, 106 Conn. 475, 482, 138 A. 483; s. c., 110 Conn. 130, 137, 147 A. 513; *Greenwich Gas Co.* v. *Tuthill*, 113 Conn. 684, 695, 155 A. 850. These cases apply the general principle that equity will not grant the extraordinary remedy of injunction unless there appears to be danger of actual and substantial damage of a nature special to the complainant; *Sisters of St. Joseph Corporation* v. *Atlas Sand, Gravel & Stone Co.*, 120 Conn. 168, 173, 180 A. 303; *Wheeler* v. *Bedford*, 54 Conn. 244, 248, 7 A. 22; here the question concerns the intention of the General Assembly embodied in the words "any person or persons . . . aggrieved."

Some of the plaintiffs were competitors and this does not in itself make them "aggrieved persons"; *Benson* v. *Zoning Board of Appeals*, 129 Conn. 280, 284, 27 A.2d 389; but others were the owners of residential property in the vicinity. The words "any person or persons . . . aggrieved" include at least any landowner or resident within the city whose situation is such that the decision of the board may adversely affect him in the use of property owned or occupied by him in some manner within the scope of the purposes of the zoning ordinance. The precise character of the interest of persons in this class is pointed out in *Beard's Appeal*, 64 Conn. 526, 533, 30 A. 775, and the distinction there made between such persons and appellants claiming

to be aggrieved by a probate decree is illuminating. See also *DeFlumeri* v. *Sunderland,* 109 Conn. 583, 584, 145 A. 48; Smith, op. cit., § 131. At least such of the plaintiffs as were landowners were persons "aggrieved" by the decision of the board permitting an additional package store in their immediate neighborhood.

There is no error.

In this opinion the other judges concurred.