DANIEL J. O'CONNOR ET AL. *v.* BOARD OF ZONING APPEALS OF THE TOWN OF STRATFORD ET AL.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, JS.

Argued May 6—decided June 16, 1953

*Thomas B. Coughlin,* for the appellant (named plaintiff).

*Raymond W. Ganim,* with whom, on the brief, was *George W. Ganim,* for the appellee (defendant Garfield).

*Hugh A. Hoyt* appeared for the appellee (defendant board).

BROWN, C. J.  The defendant board of zoning appeals of the town of Stratford denied an appeal from the action of the town planning board whereby, pursuant to a petition of the defendant Estelle F. Garfield, hereinafter called the defendant, it granted, on December 17, 1951, a waiver of the 1000-foot distance requirement of § 7 (B) of the Stratford zoning ordinance and approved the defendant's premises at 895 Barnum Avenue Cutoff as a location for a package store.  The plaintiffs appealed to the Court of Common Pleas, which affirmed the action of the board of zoning appeals and dismissed their appeal.  The named plaintiff, hereinafter called the plaintiff, has appealed to this court.  The appeal presents two questions for determination:  first, whether the action of the board of zoning appeals in approving the waiver of the 1000-foot restriction was illegal, arbitrary or in abuse of its discretion; and, second, whether the plaintiff was entitled, as a person aggrieved, to appeal from the decision of the board of zoning appeals to the Court of Common Pleas.

The salient facts are undisputed and may be thus summarized:  The plaintiff is a resident and taxpayer of Stratford, where he is actively engaged in business.  He owns a home located on a different street and approximately one-half mile from the de-

fendant's premises. These consist of a store which has been used for various types of retail business and is located in a business zone. There are three outlets for the sale of alcoholic liquors, beer, ale or wine within 1000 feet of the defendant's property as that distance is defined in § 7 (B) of the zoning ordinance. This provision forbids the operation of a package store within 1000 feet of any other premises where alcoholic liquors, beer, ale or wine are sold. Section 20 (B) of the ordinance authorizes the planning board to "vary or waive the zoning regulations . . . as to an individual specific property, provided such action shall be in harmony with the general purposes and intent of the zoning regulations . . . 5. . . . This authority shall be executed in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties, or unnecessary hardships in the way of carrying out the strict letter of these regulations." The court's conclusions were that the plaintiff is not an aggrieved party entitled to challenge the action of the defendant board and that its decision could not be disturbed as illegal, arbitrary or in abuse of its discretion.

The principles determinative of the validity of the defendant board's action in approving the waiver are clearly established by the repeated decisions of this court. The 1000-foot restriction prescribed by the ordinance constitutes a definite declaration of policy by the town council of Stratford as the duly authorized legislative body of the town. Power to modify or amend it rests in the town council, which had the power to adopt the ordinance, and not in the defendant board. *Greenwich Gas Co.* v. *Tuthill*, 113 Conn. 684, 694, 155 A. 850. The defendant board's approval of the waiver notwithstanding that three

other outlets already existed "flies directly in the face of the declared policy embodied in the ordinance." *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240, 245, 56 A.2d 647. What was further stated in that opinion is also applicable to the present case: "The facts disclose no basis upon which it could reasonably be held that such action would be in harmony with the general purpose and intent of the zoning regulations or would accord with the spirit of the ordinance. Indeed, it would be a rare case where the facts would permit a variation in this particular regulation." Ibid.; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 542, 45 A.2d 828; Maltbie, The Legal Background of Zoning, 22 Conn. B. J. 2, 8.

The application of these principles might well suffice to indicate that the defendant board would have been unwarranted in approving the waiver even if it were assumed that upon the facts it had authority to exercise that power. The record leaves no doubt, however, that the defendant board had no such right or power in this case. The sole authority for the action of the planning board was § 20 (B) of the ordinance, quoted above. This makes clear that in no event can a waiver be granted unless "practical difficulties, or unnecessary hardships" are first established. It is likewise manifest, under the language of the ordinance, that the only "hardships" referred to are those due to the zoning law restriction upon the petitioner's use of the property in question. This is well exemplified in a number of cases which have been decided by this court. *Devaney* v. *Board of Zoning Appeals,* supra, 540; *Delaney* v. *Zoning Board of Appeals,* supra, 244; *Stavola* v. *Bulkeley,* 134 Conn. 186, 191, 56 A.2d 645; *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 282, 27 A.2d 389; *Grady* v. *Katz,* 124 Conn. 525, 529, 1 A.2d 137; *Thayer*

v. *Board of Appeals,* 114 Conn. 15, 23, 157 A. 273. If the total lack of facts affording a basis for a finding that any unnecessary hardship existed as to the use of the defendant's property were not to be regarded as conclusive that no such hardship did exist, the reasons stated by the defendant board for approving the waiver would of themselves remove all doubt. The gist of these, which are its only reasons, is that the planning board had authority to grant the waiver because the plaintiff presented no reason why this would be harmful to the town, the zone was proper, the location was suitable for a package store, and the place was far removed from any residence area, park, school, church or place of public gathering. The defendant board was without either right or authority to approve the waiver and its action in so doing was illegal and arbitrary and constituted an abuse of discretion.

The plaintiff's appeal to the Court of Common Pleas was taken pursuant to § 160b of the 1951 Cumulative Supplement to the General Statutes. With reference to the zoning board of appeals, the pertinent portions thereof provide: "Any person . . . aggrieved by any decision of said board . . . may . . . take an appeal to the court of common pleas . . . . The court, upon such appeal . . . may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." As already suggested, the inclusion of the 1000-foot restriction in the ordinance amounts to a definite declaration of policy by the legislative authority of the town. The liquor traffic is a business which "admittedly may be dangerous to public health, safety and morals." *Francis* v. *Fitzpatrick,* 129 Conn. 619, 622, 30 A.2d 552. It is evident that in its declaration of policy, noted above, the town council took cognizance of the potential

danger from this traffic and that the 1000-foot restriction was enacted as one means of attempting to keep it within bounds. Although under the present Liquor Control Act the so-called "old fashioned saloon" of earlier days has been supplanted by the variously designated places of the licensed dispensing permittees for which it provides, the potential menace of the traffic persists. It is a matter of common knowledge that a large percentage of today's serious crimes stems from the excessive use of alcohol and that the hazard to life and limb from intoxication has been tremendously increased by the advent of present-day automobile traffic. These are material considerations in determining the meaning of the word "aggrieved" as used in § 160b for they indicate the pertinence of the language of a most eminent former justice of this court in interpreting the meaning of the word as it was used in a statute providing for appeal from the granting of saloon licenses by county commissioners.

In *Beard's Appeal,* 64 Conn. 526, 534, 30 A. 775, Justice Simeon E. Baldwin used this language: "[E]very owner of property, assessed in the grand list of the town in which he resides, has a substantial interest in the prosperity and good order of that town. The expense of the local police of any town, as well as of criminal proceedings before its local tribunals, is largely dependent on the number of the liquor saloons and bar rooms within its limits, and the character of those who keep them. If licenses are granted with too free a hand, or without proper discrimination, the burdens of taxation are likely to be increased. Every taxpayer therefore has a certain, though it may be a small, pecuniary interest in having the license law well administered; and if he is also a resident in the town where he pays his

taxes, he has an additional interest, common to every citizen, in promoting the general welfare of the community. In view of these considerations, we think that any resident taxpayer of a town who feels aggrieved at the granting of a license for the sale of liquors therein, has the right of appeal under the Act of 1893, and that he is not bound to show any grievance or interest in the matter peculiar to himself, either in his own motion for an appeal before the county commissioners, or by reasons of appeal in the Superior Court."

What Justice Baldwin stated as to the meaning of "aggrieved" as used in the 1893 statute applies with like force and reason to the same word as used in § 160b. We accordingly recently held, referring to a similar zoning appeal provision, where there was an appeal from the denial of a waiver of a 1500-foot restriction: "The words 'any person or persons . . . aggrieved' include at least any landowner or resident within the city whose situation is such that the decision of the board may adversely affect him in the use of property owned or occupied by him in some manner within the scope of the purposes of the zoning ordinance. The precise character of the interest of persons in this class is pointed out in *Beard's Appeal* [supra] . . . ." *Kamerman* v. *LeRoy,* 133 Conn. 232, 237, 50 A.2d 175. The plaintiff is an aggrieved party and the court erred in concluding to the contrary.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment sustaining the plaintiff's appeal and revoking the waiver.

In this opinion the other judges concurred.