MAX ZUCKERMAN *v.* BOARD OF ZONING APPEALS OF THE TOWN OF STRATFORD ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 6—decided December 18, 1956

*Raymond W. Ganim,* for the appellant (named defendant).

*Albert L. Coles,* with whom, on the brief, was *James J. O'Connell,* for the appellee (plaintiff).

O'SULLIVAN, J. In the early part of February, 1955, the town planning and zoning board of Stratford changed from light industrial to business 1 the zonal classification of a small parcel of land located at the intersection of Honeyspot and Great Meadows Roads. From that action the plaintiff appealed to the defendant board of zoning appeals, but the appeal was dismissed. He then appealed to the Court of Common Pleas, which sustained his appeal, and the defendant board has now appealed to this court.

The plaintiff lives in Bridgeport with his wife. Since 1945, they have jointly owned, under a survivorship deed, the premises at 1186-1190 Stratford Avenue in Stratford. In addition to the land, these premises consist of three contiguous stores which have living quarters on the second floor. Two families occupy these quarters. The plaintiff bought this property with his own funds, but title passed to effect the ownership noted above. One of the three stores is personally used by the plaintiff as a liquor package store, and he alone is the owner of all the personal property in the store. On the Stratford grand lists of 1953 and 1954, the real estate was assessed at $19,280, the tax thereon being $530.26

in 1953 and $597.68 in 1954. The personalty in the store was assessed at $3770 in 1953 and $1730 in 1954, the tax thereon being $103.58 and $53.64 respectively. From the time the premises were bought in 1945, the plaintiff has duly paid all the taxes on both realty and personalty.

Cornelius J. Ahern, a member of the planning and zoning board, did not sit or act in that capacity on the two petitions subsequently referred to. He is the owner of over thirty-four acres of marsh land in Stratford, most of which is unfit for use without costly filling. The acreage is in a light industrial zone. On February 2, 1955, the planning and zoning board acted favorably on two petitions addressed to it by Ahern. The first was to change the zone of a small parcel of the thirty-four acres from light industry to business 1. The parcel, 100 feet square, is located at the northeast corner of Honeyspot and Great Meadows Roads. The second petition, contingent on the granting of the first, sought approval of the parcel as a site for a liquor package store permit. No one appeared in opposition to either petition and both were unanimously granted. The plaintiff's property is not in the immediate vicinity of the Ahern parcel.

After the petitions had been granted, the plaintiff, who had not attended the hearing, appealed to the defendant board. At the time of the hearing before that board, he withdrew so much of the appeal as concerned the approval of the parcel as a site for a liquor package store. The board then proceeded to hear and determine the merits of the appeal as it dealt with the change of zone. This was the beginning of the controversy which has now found its way to this court. The appeal submits to us the question whether the Court of Common Pleas erred in

holding that the plaintiff is an aggrieved person and that the defendant board acted illegally and arbitrarily in refusing to reverse the action of the planning and zoning board in changing the zonal classification of the Ahern parcel.

The statutes provide that any person aggrieved by any decision of a zoning board of appeals of any municipality may appeal to the Court of Common Pleas of the county wherein the municipality is located. Cum. Sup. 1955, § 379d; Nov. 1955 Sup., § N11. If the sole basis of the plaintiff's grievance was that the proposed new package store business would create competition, he would not qualify as an aggrieved person. *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 583, 95 A.2d 792; *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 284, 27 A.2d 389. But he claims to be aggrieved on another ground, namely, that he is a taxpayer of the town of Stratford. While it is true that the appeal to the Court of Common Pleas raised the issue of the validity of the change of zone and not the validity of the approval of the site for a package store, we must, in view of the unusual circumstances surrounding the granting of the change of zone, point out that the only purpose which prompted Ahern to seek the change was, concededly, to use the site for the sale of liquor. This was thoroughly understood by the planning and zoning board and by the defendant board.

With this in mind, we revert to a statement made by this court before the turn of the century. "[E]very owner of property, assessed in the grand list of the town in which he resides, has a substantial interest in the prosperity and good order of that town. The expense of the local police of any town, as well as of criminal proceedings before its local tri-

bunals, is largely dependent on the number of the liquor saloons and bar rooms within its limits, and the character of those who keep them. If licenses are granted with too free a hand, or without proper discrimination, the burdens of taxation are likely to be increased. Every taxpayer therefore has a certain, though it may be a small, pecuniary interest in having the license law well administered; and if he is also a resident in the town where he pays his taxes, he has an additional interest, common to every citizen, in promoting the general welfare of the community. In view of these considerations, we think that any resident taxpayer of a town who feels aggrieved at the granting of a license for the sale of liquors therein, has the right of appeal under the Act of 1893, and that he is not bound to show any grievance or interest in the matter peculiar to himself . . . ." *Beard's Appeal,* 64 Conn. 526, 534, 30 A. 775. This statement has been cited with approval in two recent cases decided by this court. *O'Connor* v. *Board of Zoning Appeals,* 140 Conn. 65, 72, 98 A.2d 515; *Kamerman* v. *LeRoy,* 133 Conn. 232, 237, 50 A.2d 175. Although the plaintiff is not a resident of Stratford, he is a taxpayer of that town and, as such, is an aggrieved person under the circumstances of this case. The court was correct in so holding.

The court further held that the defendant board acted improperly since the result of its action was spot zoning. The statute permits a change in zonal classification only when the change is made in accordance with a comprehensive plan. General Statutes § 837 (as amended, Nov. 1955 Sup., § N10). The sole plan to which our attention has been called is found in the scheme of the zoning regulations themselves. *Couch* v. *Zoning Commission,* 141 Conn. 349, 355, 106 A.2d 173. We find nothing therein to justify

the planning and zoning board in wrenching out of a large industrial zone a parcel of land, 100 feet square, in order to make that parcel available for business uses. It is perfectly obvious that the change in zone was made solely for the financial advantage of the petitioner and did not serve the best interests of the community as a whole. *Bartram* v. *Zoning Commission,* 136 Conn. 89, 93, 68 A.2d 308. The court was correct in labeling the change as spot zoning and in holding that the defendant board acted illegally, arbitrarily and in abuse of its discretion in refusing to nullify the change.

There is no error.

In this opinion the other judges concurred.