## MORRIS TYLER ET AL. *v*. BOARD OF ZONING APPEALS OF THE TOWN OF WOODBRIDGE ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 6—decided June 24—reargued October 7— amended opinion filed November 6, 1958

*Curtiss K. Thompson,* with whom, on the brief, was *Joseph J. Mager,* for the appellants (plaintiffs).

*T. Holmes Bracken,* for the appellees (defendants Beardmore).

MELLITZ, J. The defendants are Donald and Amelia Beardmore, who own a parcel of land in a residential zone in the town of Woodbridge, and the board of zoning appeals, which granted them a variance, on the ground of practical difficulties and unnecessary hardship, to allow the continued location of their house closer to the street than is permitted under the applicable zoning ordinance. None of the property owners in the vicinity objected, but an appeal from the granting of the variance was taken to the Court of Common Pleas by the members of the zoning commission of the town and by an individual member of the commission who is a taxpayer and lives about five miles from the property. The court concluded that the board did not act illegally in granting the variance, and dismissed the appeal.

We have decided to dispose of this appeal upon a ruling in the court below involving the right of the plaintiffs to maintain an appeal from the board of zoning appeals, since the ruling is decisive of the appeal to this court. The defendants contended in the trial court that the plaintiffs were not aggrieved per-

sons and therefore had no right of appeal. The court ruled that the individual plaintiff had a direct interest in the enforcement and preservation of the zoning ordinances and was therefore entitled to maintain the appeal. The court did not rule as to the status of the zoning commission as an appellant, but it noted that *Rommell* v. *Walsh,* 127 Conn. 16, 19, 15 A.2d 6, sanctioned an appeal by a zoning authority. We may consider an error apparent on the record though not specifically assigned when the public character of the case and its importance not only to the parties but to the public are deemed sufficient to warrant such a course. *Columbus Industrial Bank* v. *Miller,* 125 Conn. 313, 315, 6 A.2d 42; *State* v. *Gannon,* 75 Conn. 206, 218, 52 A. 727; Maltbie, Conn. App. Proc., p. 207. Appeals from the actions of zoning authorities are being brought with increasing frequency, and in a mounting number the statutory provisions prescribing the requirements as to parties entitled to appeal are being ignored.

Section 379d of the 1955 Cumulative Supplement to the General Statutes provides for an appeal from the doings of a zoning board of appeals by any person "aggrieved by any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board." The plaintiffs here are the zoning commission of the town and an individual who lives five miles from the property involved in the appeal. The individual plaintiff is a resident and taxpayer of the town. No other facts are alleged or found to show him to be aggrieved by the action of the board. The question is whether either the individual plaintiff or the zoning commission is entitled to maintain this appeal.

Section 12 of the zoning ordinance of Woodbridge

provides specifically that the regulations shall be enforced by the selectmen or their duly authorized agent. They are required to appoint an inspector to be their agent in the enforcement of the zoning provisions. Woodbridge Zoning Ordinance, p. 48 (1954). Section 1 of the zoning ordinance prescribes the duties of the enforcement officer. It is clear that the zoning commission as such has no function in the enforcement of the requirements of the zoning board of appeals and no status under § 379d to appeal a decision of the board. We have recognized that there is a public interest involved in many appeals which should be represented before the court. In most such situations, the board or officer having the responsibility of making the decision is entrusted with the duty of protecting that public interest. Maltbie, Conn. App. Proc., p. 311. Accordingly, we held in *Rommell* v. *Walsh,* 127 Conn. 16, 23, 15 A.2d 6, that a zoning board of appeals may be made a party defendant in an appeal taken from an order it has made and, where the trial court has overruled the board's decision, may prosecute an appeal to this court to protect the public interest involved. The decision recognizes that, apart from the provision in § 379d for action by an enforcement officer to protect the public interest, there may be occasion for a board whose ruling is in question to intervene, itself, to protect the public interest. The municipality concerned is always entitled to represent such interests by participating as a party to an appeal. *Milford* v. *Commissioner of Motor Vehicles,* 139 Conn. 677, 681, 96 A.2d 806; *Keating* v. *Patterson,* 132 Conn. 210, 212 n., 43 A.2d 659; Maltbie, Conn. App. Proc., § 266. Since the *Rommell* decision, supra, it has become common practice for a zoning board of appeals to prosecute an appeal to this court where a trial court

has overruled a decision of the board. *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 27 A.2d 389; *Del Buono* v. *Board of Zoning Appeals,* 143 Conn. 673, 124 A.2d 915. Appeals have similarly been taken by zoning commissions where a decision of a commission has been reversed. *Bartram* v. *Zoning Commission,* 136 Conn. 89, 68 A.2d 308; *Couch* v. *Zoning Commission,* 141 Conn. 349, 106 A.2d 173. There is no sanction, however, in the *Rommell* decision, supra, for a zoning commission to take an appeal where a ruling or order of its own is not in issue.

This brings us to the question whether the individual plaintiff, who lives five miles from the property involved, may maintain an appeal as an aggrieved person merely because he is a resident and taxpayer of the town. Under the statutes concerning appeals from probate, we have held that it is necessary for an appellant to show that some legally protected interest of his has been adversely affected before he can be held to be aggrieved. *Norton's Appeal,* 46 Conn. 527, 528; *Spencer's Appeal,* 122 Conn. 327, 332, 188 A. 881. In construing the statute giving a right of appeal to persons aggrieved by a decision or order of railroad commissioners, it was held that one was aggrieved within the meaning of that statute when his property rights were injuriously affected by a judgment or order. *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 33, 78 A. 587; *Stevens* v. *Connecticut Co.,* 86 Conn. 36, 41, 84 A. 361.

In *Beard's Appeal,* 64 Conn. 526, 533, 30 A. 775, we had occasion to consider the meaning of the term in the statute giving a right of appeal from the decision of county commissioners granting a license for the sale of intoxicating liquors. The opinion points out that every owner of property taxed in

a town has an interest in the prosperity and good order of that town and that the expense of police and criminal proceedings in its local tribunals depends in large part upon the number of saloons and barrooms and the character of those who keep them. If liquor licenses are granted indiscriminately, the burden on the taxpayer is increased. Therefore, every taxpayer has a pecuniary interest, although it may be in common with every other citizen of the town, in promoting the welfare of the community. For these reasons he is not bound to show an interest peculiar to himself in order to establish that he is an aggrieved person. In a number of zoning appeals where the sale of liquor was an element, the holding in *Beard's Appeal,* supra, has been followed. In *Kamerman* v. *LeRoy,* 133 Conn. 232, 237, 50 A.2d 175, and *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 581, 95 A.2d 792, the sale of intoxicating liquors was involved, but the plaintiffs owned nearby homes and were as well residents and taxpayers of the town. In *O'Connor* v. *Board of Zoning Appeals,* 140 Conn. 65, 98 A.2d 515, the named plaintiff owned a home approximately half a mile from the location where the defendant sought a variance of the zoning regulations. Here again intoxicating liquor was involved, and we held (p. 72) that the plaintiff was an aggrieved person, basing the decision upon the reasoning in *Beard's Appeal,* supra. The most recent case to follow the holding in *Beard's Appeal* was *Zuckerman* v. *Board of Zoning Appeals,* 144 Conn. 160, 164, 128 A.2d 325. This case involved a liquor package store. The plaintiff owned a competing business and did not live in the town but was a taxpayer. It was held that although the plaintiff was not a resident, he was nevertheless a taxpayer and an aggrieved person.

The essence of the holdings in *Beard's Appeal,* supra, and the cases which have followed it, is that to be an aggrieved person within the meaning of the statute one must show a pecuniary interest injuriously affected by the action of the zoning board of appeals and that such a showing may be sufficiently made, in a case where liquor traffic is involved, by proof that one is a taxpayer in the town, in view of the pecuniary effect upon every taxpayer resulting from the incidents of such traffic. Such a distinction recognizes, again, that in liquor traffic there is a possible source of danger to the public which is not inherent in other businesses and that therefore such traffic warrants distinctive and particular treatment. *Schwartz* v. *Kelly,* 140 Conn. 176, 181, 99 A.2d 89. In *Heady* v. *Zoning Board of Appeals,* 139 Conn. 463, 94 A.2d 789, the plaintiff owned and resided in a dwelling house immediately adjoining the premises for which a variance had been granted. She was held to be directly affected by the variance and an aggrieved person under the statute. No aspect of traffic in liquor was involved, and the holding that she was entitled to maintain an appeal as an aggrieved person did not rest alone on the fact that she was a taxpayer. The citation in that opinion (p. 468) of the *Kamerman* case, supra, and *Beard's Appeal,* supra, was not apposite. The same may be said of the citation of the *Kamerman* and *O'Connor* cases, supra, in *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 136, 140, 139 A.2d 601, where the plaintiff was an aggrieved party as the owner of property directly affected by an amendment of zoning regulations.

"It is a fundamental concept of judicial administration . . . that no person is entitled to set the machinery of the courts in operation except to obtain redress for an injury he has suffered or to

prevent an injury he may suffer, either in an individual or a representative capacity." *Bassett* v. *Desmond,* 140 Conn. 426, 430, 101 A.2d 294. A landowner whose property in a town is not affected by a zoning ordinance is in no position to attack its validity. *Kimberly* v. *Madison,* 127 Conn. 409, 413, 17 A.2d 504. Nor may one attack the validity of a decision of a zoning board of appeals unless he is specially and adversely affected thereby. There must be a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community. 1 Rathkopf, Law of Zoning & Planning (3d Ed.) p. 631. There is no claim here, and no finding, that any property rights or other legal interests of the individual plaintiff have been affected by the action of the defendant board in granting the variance. To be an aggrieved person within the meaning of § 379d, where traffic in intoxicating liquor is not involved, one must be found to have been specially and injuriously affected in his property or other legal rights. Persons whose property interests are adversely affected by a decision are aggrieved parties entitled to seek relief either by appeal or resort to an independent action. *Smith* v. *F.W. Woolworth Co.,* 142 Conn. 88, 93, 111 A.2d 552; *Greenwich Gas Co.* v. *Tuthill,* 113 Conn. 684, 695, 155 A. 850; *Fitzgerald* v. *Merard Holding Co.,* 106 Conn. 475, 482, 138 A. 483; *Treat* v. *Town Plan & Zoning Commission,* supra; *Heady* v. *Zoning Board of Appeals,* supra. The individual plaintiff here, whose interest is merely that of a resident and taxpayer of the town concerned with the strict enforcement of the zoning regulations for the general welfare of the community, is not entitled to maintain an appeal as an aggrieved person under § 379d.

In the interest of proper procedure, it should be noted that in any appeal taken pursuant to § 379d the statute requires the appeal to state the reasons upon which it shall have been predicated. Good practice also requires that the appellant allege in his appeal in what respects he is adversely affected by the decision appealed from.

There is no error.

In this opinion the other judges concurred.