[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by two neighborhood associations and three individuals from the decision of the Zoning Commission of the City of Norwalk in granting two site plan approvals to 51 Richards Avenue, LLC to construct a single use retail membership store of 133,527 square feet on a 9.75+ acre parcel of land and a retail store of 18,509 square feet on the remaining 1.53+ acre parcel both located at the southwesterly corner of Richards Avenue and Connecticut Avenue in Norwalk. The property is currently zoned for both uses. A public hearing was held by the Commission on both site plan applications on March 18, 1998 and March 19, 1998. On May 20, 1998 the Commission approved both site plan applications. The plaintiffs, after due publication, timely appealed.
 JURISDICTION
In order to take advantage of a statutory right to appeal from the decision of the local zoning agency, there must be strict compliance with the statutory provisions that create that right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377
(1988). These provisions are mandatory and jurisdictional, in nature, accordingly, the failure to comply subjects the appeal CT Page 7212 dismissal. Id. 377. The court has examined the statutes and regulations in questions and determines that the appeal filed by the plaintiffs, is timely and complied with the statutory requirements. The does not allege that the Commission erred in any of its jurisdictional obligations in granting the application to 51 Richards Avenue, LLC. Therefore, this court concludes that it has subject matter jurisdiction to decide the plaintiffs appeal. Cardoza v. Zoning Commission, 211 Conn. 78, 80-81 (1989).
 STATEMENT OF FACTS
The defendant, 51 Richards Avenue, LLC, is the contract purchaser of the property, which abuts 1-95 on the south and is located in Norwalk near its border with Darien at the southwesterly corner of the Richards Avenue and Connecticut Avenue (U.S. Route No. 1) intersection. The property is owned by Framatone Connectors USA, Inc., formerly the Burndy Corporation. It contained, as of the date of the applications, over 240,000 square feet of vacant buildings, previously utilized for offices, research and industrial purposes. At one time the buildings housed 1,000 employees but, in the last twenty years the average was 700 employees. The buildings are to be replaced with a total of 152,0361+ square feet of retail space in two (2) structures, with parking for approximately 698 cars. Costco is the reported the single use retail membership store. The defendant applied for "site plan review" under Section 118-1451 of the Building Zone Regulations of the City of Norwalk.
The site plan proposes two driveway entry/exits, the first some 500 feet west of the Richards Avenue/Connecticut Avenue intersection and the second some 800 feet south of the intersection. The applicant produced before the Commission, two contemporaneous traffic studies relating to the intersection, one by defendant Richards' traffic consultants, Barkin Mess, and the second by the defendant Commission's traffic consultants, Urbitron Associates, Inc. The plaintiffs submitted a traffic study prepared by their own expert.
The plaintiffs claims that the Commission acted, illegally arbitrarily and in abuse of its discretion in six ways: (1) Section 118-1451C (1) of the Building Zone Regulations was violated by increasing traffic congestion to unacceptable levels; (2) Section 118-1451 C (1) of the Regulations was violated by the failure to provide adequate traffic conditions; (3) Section 118-1451C (6) was violated due to unsafe off-street parking and CT Page 7213 loading; (4) The Commission permitted the applicant to revise the site plan without offering the plaintiffs the opportunity to comment thus denying the plaintiffs due process rights; (5) The Commission's findings are contrary to the facts and evidence; and (6) The Commission's findings are contrary to law.
The defendants countered these six objections with the following arguments:
(1) An increase of traffic alone is an insufficient reason to deny a site plan. The Norwalk Regulations conform to this legal concept. The Commission had two traffic reports that supported its finding that Section 118-1451C (1) of the Building Zone Regulations was complied with ("Stable traffic flow shall mean that site-generated traffic shall not adversely affect pedestrian safety or vehicle or, conflict with the pattern of highway circulation or increase traffic congestion to a level of service (LOS) considered unacceptable by the Commission");
(2) The applicant's traffic plan provided for an additional turning lane at the intersection of Richards Avenue to U.S. Route 1. This required the plaintiff to acquire two easements. The first easement had been acquired by the first day of public hearings. By the second day of the public hearings the second easement had been acquired. As a result of this easement acquisition the traffic at the entire intersection could be measured at least LOS "D". Thus all turns into and out of the property as well as all turns at the Richard Avenue/Connecticut Avenue intersection were level D, thus complying with the traffic conditions of Section 118-1451C (1) of the Building Zone Regulations. The Commission conditioned its approval on the applicant widening both off-site sections of U.S. Route 1, which required the applicant to acquire property from both the bank and the restaurant. ROR A-15, condition No. 9 and ROR B- condition No. 12. At trial the applicant conceded that the approval conditions were such. ("The Commission shall not approve developments which fail to maintain stable traffic flow unless provision has been made for the improvement of inadequate conditions.");
(3) There was no proof that any traffic entering the site from Connecticut Avenue (U.S. Route 1) would back up onto the public highway as a result of entering traffic not turning properly into the parking spaces designed for the front retail stores. The applicant claims that such an argument was CT Page 7214 speculation by the plaintiffs and was not supported by any of the traffic reports, including that of the plaintiffs. The record contained no other argument that parking created a hazardous traffic condition Section 118-1451C(6) was complied with and that compliance is supported by the record. ("Impact upon adjacent property. The traffic access, off-street parking and loading, landscaping and screening, illumination and utilities provided for a site shall not be detrimental to the safe and orderly development of any adjacent property.");
(4) Just prior to the second day of public hearings, the defendant, 51 Richards Avenue, LLC, obtained permission from an off-site restaurant owner to acquire an easement to construct an additional traffic lane at the intersection. The possibility of this easement was contained in the applicant's traffic report, submitted months prior and dated December 23, 1997. ROR A-18, p. 13-14 and diagram on the last page. The plaintiffs had knowledge of this plan and the probable effect of this additional lane on the level of service well before the public hearing. ROR A-1, Pg. 28. They chose not to comment until they made a belated effort minutes after the public hearing was closed. No evidence or plans were submitted by the applicant after the closing of the public hearing. All documents were submitted in compliance with the Commission's rules and in a timely fashion protective of the plaintiffs due process rights. Grimes v. Conservation Commission,243 Conn. 266, 273 (1997); Cole v. Planning Zoning Commission,40 Conn. App. 501, 509 (1996).
The Return of Record shows that the plaintiffs presented hours of rebuttal at the Commission hearing. The plaintiffs do not have a right to offer surrebuttal. Protect Hamden/North Havenv. Planning Zoning Commission, 220 Conn. 527, 554-55 (1991). This is not a case where a revised plan was presented to the Commission after the public hearing . . . closed, which would violate the ex parte communication rule. Suburban Builders Inc. v. Cityof New London, Superior Court, judicial district of New London at New London, Docket No. 543367 (April 23, 1999, Purtill, J.T.R.) (5 Conn. Ops. 564);
(5) The Return of Record including the Commission's own traffic report all support the approval of the site plan application. No zone change, variance, special permit or waiver of any Commission standards was requested by the application. This was a straight forward site plan application for two buildings containing retail uses on property long zoned for that CT Page 7215 use. The property has been used for years for a more intense use, i.e., an industrial/office complex. Since the record demonstrated compliance with all the zoning standards, the Commission was required to grant these two combined site plan applications;
(6) The plaintiffs have pointed to no violation of a statute or zoning regulation in their argument that the application is contrary to law. The plaintiffs unsupported claim that the Commission's finding, that this application met the site plan standards, is somehow contrary to law, is not sufficient to sustain the plaintiffs burden of proof.
This court has reviewed the return of record standards, the zoning regulations, the site plan application and has carefully read the transcripts, traffic reports and other documents presented before the Commission.
 AGGRIEVEMENT
The plaintiffs devote four paragraphs of their complaint to aggrievement. They argue four issues of aggrievement: (1) all defendants have statutory aggrievement pursuant to General Statutes § 22a-19; (2) the individual defendants are aggrieved because they live in the area and increased traffic will diminish their property values; (3) the associations are aggrieved because their members live in the area and increased traffic will diminish their property values; and (4) the individual defendants are aggrieved as Norwalk taxpayers because the application pertains to a retail establishment in which liquor will be sold. The court heard a full day of evidence on these aggrievement issues.
The evidence did not show that any individual defendant owned "land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a)(1). The plaintiffs are not claiming this form of statutory aggrievement. Nick v. Planning Zoning Commission, 6 Conn. App. 110, 111 n. 3 (1986); Smith v.Planning and Zoning Board, 203 Conn. 317, 323 (1987).
Aggrievement is a prerequisite to maintaining a zoning appeal. General Statutes § 8-8 (b). The plaintiffs bear the burden of proving that they are aggrieved by the Board's decision. Primerica v. Planning Zoning Commission of Greenwich,211 Conn. 85, 92-93 (1989); London v. Planning ZoningCT Page 7216Commission of Town of Stratford, 149 Conn. 282, 284 (1962). Aggrievement is a jurisdictional question. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307
(1991). One plaintiff alone can establish aggrievement. Nowickiv. Planning and Zoning Board, 148 Conn. 492, 495 (1961). Unless the plaintiffs allege and prove agrievement, their case must be dismissed for lack of subject matter jurisdiction. Fuller v.Planning Zoning Commission, 21 Conn. App. 340, 343 (1990). The jurisdictional requirement t)f aggrievement serves both practical and functional purpose in assuring that only those parties with genuine and legitimate interests which are affected have the opportunity to appeal. Merrimac Associates. Inc. v. DiSesa,180 Conn. 511, 516 (1980).
There are generally two types of aggrievement — statutory and classical. Cole v. Planning Zoning Commission,30 Conn. App. 511, 514 (1993). The distance aggrievement under General Statutes § 8-8 (a)(1) is an example of statutory aggrievement. The plaintiffs are claiming statutory aggrievement pursuant to General Statutes § 22a-19. which issue will be discussed later.
Classical aggrievement involves a two part test. First, one must demonstrate a specific, personal and legal interest in the subject matter of the decision separate and apart from the interest of the public in general, and second, that this specific, personal and legal interest has been specially and injuriously affected by the decision. Nader v. Altermatt,166 Conn. 43, 51 (1974); United Cable Television Services Corp. v.Dept. of Public Utility Control, 235 Conn. 334, 342-43 (1995);Northeast Parking Inc. v. Planning Zoning Commission,47 Conn. App. 284, 288 (1997).
The three individual plaintiffs all claim they own property within a short distance from the subject property all in the west side of Norwalk. One lives two miles away, a second one and one-half miles and the third defendant at least 500 yards away. The court, using a survey in evidence, measured the distance at 1000 yards. As to this third individual plaintiff the elevated section of 1-95 separates the subject property from his residence, which is located on a private cul de sac. Virtually no traffic generated by the site would travel on this cul de sac. None of the facts presented on behalf of the three individual plaintiffs establish the first requisite for classical aggrievement: a demonstrated specific, personal and legal interest in the subject CT Page 7217 matter of the Commission's decision, as distinguished from a general interest shared by members of the community at large. General concerns, fears and apprehensions about traffic increase are insufficient to establish aggrievement. Walls v. Planning Zoning Commission of the Town of Avon, 176 Conn. 475, 477 (1979);Sheridan v. Planning Board, 159 Conn. 1, 14 (1969); Hughes v.Town Planning Zoning Commission, 156 Conn. 505, 508 (1968);Tucker v. Zoning Board of Appeals, 151 Conn. 510, 516 (1964); (property owner 1000 feet away not aggrieved by proposed gasoline station where owner alleged walking and driving difficulties and decrease in value of house since no different than general public impact); Roth v. Woodbury Zoning Board of Appeals, Superior Court, judicial district of Litchfield, Docket No. 073986 (February 3, 1998, Pickett, J.), 21 Conn. L. Rptr. 281. "They claim no special potential injury different from any other resident of Willington or its surrounding towns. The plaintiffs, living seven and two miles from the subject property, do not reside so close to the site of the zone change so that the impact of the increase in vehicular traffic, noise, and air pollution affects them in greater concentrations and to a greater degree that other members of the general public." Brown v. WillingtonPlanning Zoning Commission, Superior Court, judicial district of Tolland at Rockville, Docket No. 49752 (May 27, 1992, Sferrazza, J.) (6 Conn. L. Rptr. 470); Gorecki v. Planning andZoning Commission, Superior Court, judicial district of Middlesex at Middletown, Docket No. 74699 (July 7, 1995, Stanley, J.);Whalen v. Planning Zoning Commission, Superior Court, judicial district of New Haven, Docket No. 356643 (May 4, 1994, Booth, J.).
The plaintiffs did not testify that their property values would decrease. The plaintiffs real estate expert did not perform any appraisals to demonstrate a lowering of the individual property values. The court sustained objections to other portions of the expert's testimony since the expert could not offer an opinion on the numerical diminution of the fair market value before and after the subject development. Even if this testimony was allowed, diminution of real estate values from a proposed large retail development has been held too speculative and general to support classical aggrievement. Joyce v. Zoning Boardof Appeals, 150 Conn. 696, 698 (1962); Goodman v. ZoningCommission of the City of Danbury, 10 Conn. L. Trib. 20, p. 12, 15 (1984). None of the three individual plaintiffs have satisfied either requirement for classical aggrievement. CT Page 7218
One association, Getner Farms Association, withdrew its appearance at trial leaving only the West Norwalk Association and Brookside Neighborhood Associates as association parties. Unless individual members of the association can prove aggrievement, an association is not aggrieved. Timber Trails Corp. v. Planning Zoning Commission, 222 Conn. 380, 395 (1992); ConnecticutAssociation of Healthcare Facilities, Inc. v. Worrell,199 Conn. 609, 616-17 (1986). "An association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Id., 616;Hunt v. Washington State Apple Advertising Commission,432 U.S. 333, 343, 97 S.Ct. 243-44, 53 L.Ed.2d 383 (1977). Thus, the two associations are not aggrieved unless the two individual plaintiffs, who are members of these associations are aggrieved.State Medical Society v. Board of Examiners in Podiatry,203 Conn. 295, 304-05 (1987);
The individual plaintiff, William Wrenn, as president of the West Norwalk Association, filed for intervener status at the Commission's hearing under General Statutes § 22a-19. He claims that as a result he and his association are both statutorily aggrieved by reason of that intervention.
The issue of whether General Statutes § 22a-19 provides the plaintiffs in this zoning appeal with status as an aggrieved party raises a few issues.
(1) Other statutes, by their plain language, provide aggrievement. General Statutes § 8-8 (a)(I) ("Aggrieved person includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."); General Statutes § 22a-43 (a) ("The commissioner or any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved . . . may . . . appeal to the superior court. . . ."). No such language appears in General Statutes § 22a-19.
(2) Automatic appeal status in liquor sale applications by CT Page 7219 municipal taxpayers has been established by clear common law language. "Any resident taxpayer of a town who feels aggrieved at the granting of a license for the sale of liquors therein, has the right of appeal under the Act of 1893, and that he is not bound to show any grievance or interest in the matter peculiar to himself, either in his own motion for an appeal before the county commissioners or by reason of appeal in the Superior Court."O'Connor v Board of Zoning Appeals, 140 Conn. 65, 72 (1953). The language cited by the plaintiffs in support of their argument in the four supreme court cases is either vague or dicta and in no way is a clear delineation of the adoption of an automatic aggrievement rule under § 22a-19. Red Hill Coalition, Inc. v.Conservation Commission, supra, 21 Conn. 715; Mystic MarinelifeAquarium, Inc. v. Gill, supra, 175 Conn. 490; Gardiner v.Conservation Commission, 222 Conn. 98, 107 (1992); Paige v. TownPlanning Zoning Commission, 235 Conn. 448 (1995).
(3) The statute only permits interventions for the purpose of raising environmental issues, "for judicial review involves conduct which has, or which is reasonably likely to have the effect of unreasonably polluting, impairing or destroying the public trust in the air, water, or other natural resources of the state." General Statutes § 22a-19 (a); Zoning Commission v.Fairfield Resources Management, Inc, 41 Conn. App. 89, 107
(1996). The plaintiffs grounds for appeal in this Zoning Commission suit all relate to traffic and whether or not the record before the Commission satisfied the "site plan review' standards of Section 118-1451 of the Building Zone Regulations of the City of Norwalk. The plaintiffs have neither argued nor briefed how traffic is an environmental issue. The word "traffic" does not appear in all of Title 22a. Traffic conditions, improvements and congestion is not a consideration in the environmental definition section. General Statutes §22a-1(c). Even if the plaintiffs were automatically aggrieved by their intervener status under § 22a-19, they have no right by the plain reading of the intervener statute to raise traffic or other non-environmental concerns. Connecticut Fund for theEnvironmental Inc. v. Stamford, 192 Conn. 247, 250-51 (1984).
(4) A person can intervene in an administrative appeal for the limited purpose of raising environmental issues. Red HillCoalition, Inc. v. Conservation Commission, 212 Conn. 710, 715
(1989); Mystic Marinelife Aquarium, Inc v. Gill, 175 Conn. 483,490 (1978); Connecticut Water Company v. Beausoleil,204 Conn. 38, 45 (1987). However, participation is limited to raising CT Page 7220 environmental issues, and the intervener does not have the right to question or defend the merits of the agency's action on other grounds. Id., 46, 47. General Statutes § 22a-19 does not provide an independent cause of action. It permits intervention for the limited purpose of raising environmental issues.Connecticut Fund for the Environment Inc. v. Stamford, supra,192 Conn. 248 n. 2 (1984). That statute allows party intervention in another pending action. It does not authorize the filing of an independent action and provides no remedy. General Statutes §§22a-19 and 22a-20. For example in a zoning appeal under General Statutes § 8-8 (1) if a party proves aggrievement then the statute establishes a remedy. General Statutes § 22a-16 only authorized a party to seek declaratory and equitable relief. The plaintiffs claims for relief in this lawsuit seek a judgment sustaining the appeal and no specific other relief, declaratory or otherwise is sought. An intervener in the board's hearing under General Statutes § 22a-19 has a right to intervene in a later appeal as a matter of right. Gardiner v. ConservationCommission, supra, 222 Conn. 107. That right to intervene, however, is predicated upon separate proof of aggrievement, not automatic aggrievement under Title 22a.
The two intervening plaintiffs, William Wrenn and the West Norwalk Association, are not aggrieved and have no right of appeal in accordance with General Statutes § 22a-19. LightRigging Co. v. DPUC, 219 Conn. 168, 178 (1991); Doyle v.Commission of Environmental Protection, Superior Court, judicial district of Middlesex at Middletown, Docket No. 59945 (April 5, 1991, Arena, J.) (3 Conn. L. Rptr. 463, 465); Roth v. WoodburyZoning Board of Appeals, supra, 21 Conn. L. Rptr. 281;Hyllen-Davey v. Plan Zoning Commission, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 579967 (July 10, 1998, McWeeny, J.); MeManus v. WallingfordInland Wetlands Watercourses Commission, Superior Court, judicial district of New Haven at New Haven, Docket No. 802138 (November 17, 1998, Burns, J.); Taftville Reservoir Preservationv. Norwich Commission, Superior Court, judicial district of Norwich, Docket No. 108604 (March 3, 1997, Booth, 3.) (19 Conn. L. Rptr. 69). The plaintiffs cite Gardiner v. ConservationCommission, supra, 222 Conn. 107; Mystic Marinelife Aquarium,Inc. v. Gill, supra, 175 Conn. 490; and Red Hill Coalition, Inc.v. Conservation Commission, supra, 212 Conn. 715. These cases do not stand for the proposition that all environmental interveners in zoning cases at the hearing level are automatically and statutorily aggrieved at the court appeal level and have an CT Page 7221 independent right to appeal. If the legislature intended Title 22a to provide for statutory aggrievement it could have clearly stated it, as it did in the case of adjacent property owners. General Statutes §§ 8-8 and 22a-43. So to, the Supreme Court could have specifically found statutory aggrievement by an environmental intervener, but they did not. "Mere status, however, as a party or a participant in a hearing before an administrative agency does not in and of itself constitute aggrievement for the purposes of appellate review." HartfordDistributors, Inc. v Liquor Control Commission, 177 Conn. 616,620 (1979); Bakelaar v. West Haven, 193 Conn. 59, 66 (1984);Med-Trans, Inc. v. Department of Public Health, 242 Conn. 152,168-69 (1997); Light Rigging Co. v. DPUC, supra, 219 Conn. 178.
The three individual defendants are all taxpayers of the City of Norwalk. If Costco was applying for permission to sell liquor at the site, the individual plaintiffs would be aggrieved. Jolly,Inc. v. Zoning Board of Appeals, 237 Conn. 184 (1996); Edelson v.Zoning Commission, 2 Conn. App. 595, 597 (1984); Cowles v. ZoningBoard of Appeals, 153 Conn. 116, 117 (1965). The defendants conceded at trial that Costco needs no further municipal approvals to sell liquor. The plaintiffs provided evidence at trial that the nearest Costco store in Milford, Connecticut sells liquor and Costco sells, as a matter of normal business, all forms of food and consumption products.
The defendant's brief attempts to limit the taxpayer liquor aggrievement rule to liquor application and not generic site plans, such as before the court. Jolly, Inc v. Zoning Board ofAppeals, supra, 237 Conn. 190 n. 10, was an attempt by a well regarded trial court to limit the outdated liquor taxpayer aggrievement concept. The trial court though noting automatic aggrievement of taxpayers in a zoning decision involving the sale of liquor, "nevertheless, refused to allow the plaintiffs the benefit of the long-standing rule because it concluded that the reasoning of such prior cases was flawed anachronistic and should be overruled." Id. 190. A lengthy dissent adopted the trial court's reasoning.
The automatic taxpayer/liquor aggrievement rule is not statutory. It is common law and appears to arise from an 1874 Supreme Court decision. Every case applying the rule involved a zoning decision or a certificate of location approval by a zoning authority, in which the premises in question sought approval to conduct the sale of liquor. See listing of cases in Jolly, Inc.CT Page 7222v. Zoning Board of Appeals, supra, 237 Conn. 193-94. Although this court acknowledges the persuasiveness of the trial court's reasoning in Jolly, this court is bound by the Supreme Court precedent of Jolly; Martin v. Plainville, 40 Conn. App. 179, 182
(1996).
This instant application is a site plan review, not a zoning decision concerned with the sale of liquor. Sale of liquor was not before the Commission nor referred to in any site plan documents. This court, mindful that Costco will no doubt sell liquor at these premises at some point in the future, sees no reason to extend the automatic taxpayer/liquor aggrievement rule and apply it to zoning decisions in which liquor "may possibly or may probably" be sold from the premises. The rule as restated in 1996 is "the plaintiffs had standing to appeal because they were taxpayers appealing from a zoning decision involving premises concerned with the sale of liquor and therefore were considered to be automatically aggrieved." Id, 195. This taxpayer aggrievement rule is limited to liquor applications. Bell Trusteev. Planning Zoning Commission, 174 Conn. 493, 498-99 (1978).
"In Beards' Appeal, 64 Conn. 526, 533, 30 A. 775, we had occasion to consider the meaning of the term in the statute giving a right of appeal from the decision of county commissioners granting a license for the sale of intoxicating liquors. The opinion points out that every owner of property taxed in a town has an interest in the prosperity and good order of that town and that the expense of police and criminal proceedings in its local tribunals depends in large part upon the number of saloons and barrooms and the character of those who keep them. If liquor licenses are granted indiscriminately, the burden on the taxpayer is increased. Therefore, every taxpayer has a pecuniary interest, although it may be in common with every other citizen of the town, in promoting the welfare of the community. For these reasons he is not bound to show an interest peculiar to himself in order to establish that he is an aggrieved person. In a number of zoning appeals where the sale of liquor was an element, the holding in Beard's appeal, supra, has been followed." Tyler v. Board of Zoning Appeals, 145 Conn. 655, 659
(1958).
"The defendant has attacked as anachronistic the policy considerations underlying our longstanding principle that in cases in which traffic in liquor is involved and a statute similar to 8-8 conferring a right of appeal upon persons CT Page 7223 aggrieved by decisions of a zoning board of appeals is applicable, a resident taxpayer of a town is a priori an aggrieved person with standing to prosecute the appeal, and need not show that he has an interest peculiar to himself." Cowles v.Zoning Board of Appeals, supra, 153 Conn. 117; O'Connor v. Boardof Zoning Appeals, supra, 140 Conn. 72; Beard's Appeal,64 Conn. 526, 534, (1894). These cases have recognized that the sale and use of liquor may involve such a risk that a resident-taxpayer of a town has a sufficient pecuniary interest as well as a sufficient interest in the general well-being of his community to allow him to appeal such decisions. O'Connor v. Board ofZoning Appeals, supra, 140 Conn. 72; Beard's Appeal, supra, 64 Conn. 534. "The defendant has not persuaded us to reconsider the merits of the principle of appellate procedure embodied in these decisions." Macaluso v. Zoning Board of Appeals,167 Conn. 569, 600 (1975). Since these two site plan applications do not concern themselves with premises that sell liquor, the three individual plaintiffs are not aggrieved taxpayers.
The plaintiffs may not be without a remedy in the event Costco decides to sell liquor at the premises. The Building Inspector and/or Zoning Officer is required to sign Costco's liquor application indicating that the premises are in compliance with zoning. General Statutes § 30 3 9(b)(1). "All new applications., shall be accompanied by zoning officer approval for the proposed use." Regs., Conn. State Agencies § 30-6-A1 (a). The plaintiffs have an administrative remedy to appeal to the Zoning Board of Appeals from any decision of the Building Inspector. General Statutes §§ 8-6 and 8-7. In addition they may have the right to file an objection with the Department of Consumer Protection. General Statutes § 30-43 et seq. There are statutory provisions for court appeals thereafter. General Statutes §§ 30-60, 4-183. They may also have a right to file a declaratory judgment action under certain circumstances. Loulisv. Parrott, 241 Conn. 180, 191-92 (1997). The plaintiffs are therefore not without a remedy.
The plaintiffs as taxpayers did not have automatic aggrievement since the sale of liquor is not involved in this appeal. "The plaintiffs argument that they have standing to appeal as resident taxpayers who are aggrieved because the new shopping center districts may involve the sale of liquor is without merit. There is no sale of liquor implied in these appeals." Schwartz v. Town of Planning and Zoning Commission, CT Page 7224168 Conn. 20, 26 (1975)
 SCOPE OF JUDICIAL REVIEW OF SITE PLANS
51 Richards Avenue, LLC, in accordance with the regulations, filed two site plan applications heard and considered by the Commission at the same time. The combined Planning and Zoning Commission of the City of Norwalk is the authorized zoning agency to act on special permits and site plans. Building Zone Regulations §§ 118-1451 and 118-100, Definitions. The Commission in acting upon a site plan application acts in an administrative capacity. Norwich v. Norwalk Wilbert Vault Co.,208 Conn. 1, 12 (1988); Goldberg v. Zoning Commission,173 Conn. 23, 29 (1977).
This is not an application for a special permit or a combined special permit/site plan. If it were the scope of judicial review would be different from that of this site plan approval. Irwin v.Planning Zoning Commission the Town of Litchfield,244 Conn. 619,628 (1998); Barberino Realty Development Conn. v. Planning Zoning Commission, 222 Conn. 607, 613 (1992).
The question for the agency and for the Superior Court on appeal in this case is whether or not the site plan application submitted conforms to the applicable regulations. Kosinski v.Lawlor, 177 Conn. 420, 427 (1979). "The test for review of commission administrative proceedings is whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." Marmah, Inc. v.Greenwich, 176 Conn. 116, 118 (1978). A site plan is the entire package of documents submitted to the agency to determine whether the proposed building, and use of the structure, conforms with the specific provisions of the zoning regulation. SSM AssociatesLimited Partnership v. Plan Zoning Commission,15 Conn. App. 561, 567-68 (1988). In reviewing site plans, the Commission has no independent discretion beyond the determining whether the plan complies with the applicable regulations. The application for site plan must comply with the requirements of the regulations as written. Norwich v. Norwalk Wilburt Vault Co., supra, 208 Conn. 13.
A zoning agency is "endowed with a liberal discretion, and its actions are subject to review by the courts only to determine whether they were unreasonable, arbitrary or illegal. . . . The CT Page 7225 burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." Francini v. Zoning Board of Appeals, 228 Conn. 785,791 (1994); Schwartz v. Planning Zoning Commission,208 Conn. 146, 152 (1988). "The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Burnham v.Planning Zoning Commission, 189 Conn. 261, 265 (1983).
"Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . Under this traditional and long standing scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision." Casertav. Zoning Board of Appeals, 226 Conn. 80, 86-87 (1993). "An administrative appeal shall be confined to the record." Blaker v.Planning Zoning Commission, 219 Conn. 139, 146 (1991); General Statutes § 4-183 (i). The court must determine whether the conclusions reached by the agency are supported by the record.Primerica v. Planning Zoning Commission, supra, 211 Conn. 96;Goldberg v. Zoning Commission, supra, 173 Conn. 27.
An agency decision must be sustained if the record reveals that it is supported by substantial evidence. Kaeser v.Conservation Commission, 20 Conn. App. 309, 317 (1989); Bradleyv. Inland Wetlands Agency, 28 Conn. App. 48, 52 (1992). In evaluating whether the conclusions reached by the agency meet the substantial evidence rule, the credibility of witnesses is a matter within the province of the agency. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 539-540 (1987). Administrative findings are supported by "substantial evidence" if the record "affords a substantial basis of fact from which the fact in issue can be reasonably be inferred." Id., 541. The question is not whether the trial court would have reached the same conclusion, but whether an examination of the record shows that the agency's ultimate findings were supported by substantial evidence. Norwich v. Norwich Firefighters, 173 Conn. 210, 214
(1977). The "substantial evidence rule is similar to the CT Page 7226 "sufficiency of evidence' standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a "substantial basis of fact from which the fact in issue can be reasonably inferred.'" Persico v. Maher,191 Conn. 384, 409 (1983).
A trial court must search the record to determine if there exists an adequate basis to support the decision. Gagnon v. InlandWetlands Watercourses Commission, 213 Conn. 604, 611 (1990). This court has conducted such a search of the record and is prepared to rule as to whether or not there is an adequate basis in the record to support the Commission's granting of the site plan application for the two retail uses. It has been held error to do so where the trial court has not found the plaintiffs to be aggrieved. Concerned Citizens of Sterling v. Town of Sterling,204 Conn. 551, 557 (1987). Since this court has determined that neither the three individual plaintiffs nor the two remaining plaintiff associations have proven aggrievement, this court has no jurisdiction to entertain the appeal. The court lacks jurisdiction to proceed further. Fuller v. Planning ZoningCommission, supra, 21 Conn. App. 343; Winchester WoodsAssociation v. Planning Zoning Commission, supra,219 Conn. 307.
Such a ruling by this court is unnecessary in view of its finding that none of the plaintiffs have proven aggrievement.
Accordingly the appeal is dismissed
SO ORDERED.
BY THE COURT,
Tierney, J.