[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS TO DISMISS (Nos. 101 102)
The question presented in this case is whether the plaintiff, Woodbridge Care, LLC ("Woodbridge Care"), is an aggrieved person entitled to bring a zoning appeal. The relevant facts have been found following an evidentiary hearing on the defendants' motions to dismiss.
Woodbridge Care is an entity formed to develop residential facilities for persons requiring assisted living. On July 29, 1996, the Woodbridge Town Plan and Zoning Commission ("P Z") approved Woodbridge Care's application for a special permit and site plan for an assisted living care facility to be built at 21 Bradley Road in Woodbridge. At the time, Woodbridge Care held an option to purchase the property in question. It has subsequently exercised that option. (The option was exercised after the filing of this appeal but prior to the hearing.)
R.F.P., Inc. ("RFP") is another entity formed to develop residential facilities for persons requiring assisted living. RFP and Woodbridge Care are business competitors. RFP is owned by Henry Resnikoff ("Resnikoff"). On February 12, 1996, the P Z approved RFP's application for a special permit and site plan for an assisted living care facility located at Highland and Amity Roads in Woodbridge. This location is about half a mile (and unquestionably more than 100 feet) from 21 Bradley Road.
On November 20, 1996, RFP applied to the P Z for a modification of its site plan. It sought to reduce the mass of the building from 91,000 sq. ft. to 75,000 sq. ft. and to increase the number of units from 100 to 115. It proposed to accomplish the latter objective by constructing 90 assisted living facilities meeting all the regulations of the town and 25 memory impaired units which would be smaller than those approved under the existing regulations.
The P Z considered RFP's proposal on December 16, 1996. Its minutes state that it approved RFP's proposed modification "only on the changes highlighted at this meeting." The minutes are unclear as to what those "changes" were. The minutes also state that David Reis ("Reis"), the managing partner of Woodbridge Care, was present at the meeting. According to the minutes, "Mr. Reis at intervals tried to interrupt the presentation of the proposed modification, although being asked repeatedly to refrain and finally withdrew from the meeting after being asked to do so." CT Page 6033
The P Z again considered RFP's proposal on January 6, 1997. At this meeting, RFP sought a somewhat different modification than the one sought previously. It proposed to increase the number of units from 108 to 114. It also sought to eliminate the requirement of a kitchen in the memory impaired units. The P Z approved this modification. Reis was not present at this meeting.
On January 22, 1997, Woodbridge Care brought this appeal. The appeal is phrased in one count, and although its jurisdictional basis is not expressly stated, Woodbridge Care conceded at the hearing that this is a zoning appeal brought pursuant to Conn. Gen. Stat. § 8-8. The defendants are the P Z, RFP, and Resnikoff. The appeal contends that the P Z actions of December 16, 1996 and January 6, 1997 violated a number of regulatory, statutory, and constitutional provisions. Woodbridge Care's allegation that it was harmed by these violations is stated in paragraphs 20 and 21 of the appeal:
 20. The Commission's failure to conduct a full public hearing on any of the proposed modification, and its refusal to allow the plaintiff's representatives to speak at the closed hearing on December 16, 1996, violated Conn. Gen. Stat. § 8-3c and also violated the plaintiff's right to due process of law.
 21. The plaintiff has been damaged and is aggrieved by the purported approvals of the modifications in that the approvals would provide the defendants R.F.P., Inc. and Resnikoff, unlike the plaintiff, with an opportunity to create a competing Congregate Community without having to meet all of the requirements of the Woodbridge Zoning Regulations, and in that the approvals lessen the value of plaintiff's option in the parcel located at 21 Bradley Road.
The defendants filed timely motions to dismiss based on what they say is Woodbridge Care's lack of standing to bring this appeal. As mentioned, an evidentiary hearing was held on this issue. For the reasons discussed below, the motions must be granted.
It is helpful to begin with the controlling statutory text. Woodbridge Care concedes that the jurisdictional basis must be found, if at all, in Conn. Gen. Stat. § 8-8. Sec. 8-8 (b) provides that, with certain exceptions not applicable here, "any person aggrieved by any decision of a board may take an appeal to CT Page 6034 the Superior Court for the judicial district in which the municipality is located." "Aggrieved person," as is well known, is a term of art. It is defined by § 8-8 (a)(1) as "a person aggrieved by a decision of a board." It "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." Id.
It is clear that Woodbridge Care is not statutorily aggrieved in the sense that that term is used in our courts. It does not own land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the P Z. The question presented, again using the parlance of our courts, is whether Woodbridge Care is classically aggrieved.
Proof of classical aggrievement requires compliance with a two-pronged test. "First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specifically and injuriously affected by the decision." Nader v. Altermatt, 166 Conn. 43, 51, 347 A.2d 89
(1974).
It is well established that "economic disadvantage caused by competition" does not qualify under this test. New EnglandRehabilitation Hospital of Hartford, Inc. v. Commission onHospitals Health Care, 226 Conn. 105, 127, 627 A.2d 1257
(1993). Woodbridge Care concedes this point and attempts to frame the injury allegedly inflicted upon it in a somewhat different way. In order to do justice to its arguments it is necessary to address both the allegations contained in the appeal and the somewhat different position asserted by Woodbridge Care at the hearing.
The appeal sets forth three different allegations of injury. The first two allegations fail to state any ground of aggrievement recognized by our law. The third allegation arguably states a legitimate ground of aggrievement as a matter of law but has not been proven as a matter of fact.
The first alleged injury is the asserted refusal of the P Z to allow Reis to speak at the December 16, 1996 hearing. The CT Page 6035 merits of this controversy are not now before me. The question presented is whether the asserted conduct gives Woodbridge Care standing to file a zoning appeal. Woodbridge Care concedes that a private citizen, however unlawfully silenced at a hearing, would not have standing to file a zoning appeal by reason of the unlawful silencing alone. This concession is fatal to Woodbridge Care's first argument. It implicitly recognizes that standing to file a zoning appeal can only result from aggrievement. If Woodbridge Care is aggrieved it may, of course, assert the argument that it was unlawfully deprived of the right to speak at the hearing in question. But it must first be aggrieved.
Woodbridge Care argued before this court that its "business interests" give it standing to complain about this asserted violation. This is at best another way of saying that those same "business interests" are sufficient in themselves to make Woodbridge Care an aggrieved person. That argument will be considered below. But the contention that Woodbridge Care has standing to file a zoning appeal solely because of the asserted fact that its representative was unlawfully silenced at the hearing has no discoverable basis in our law. It is an argument on the merits that may be raised by an aggrieved person rather than an independent basis of aggrievement itself.
The second alleged injury, encapsulated in the first half of paragraph 21 of the appeal, is that "the approvals would provide [RFP and Resnikoff], unlike the plaintiff, with an opportunity to create a competing Congregate Community without having to meet all of the requirements of the Woodbridge Zoning Regulations." This allegation focuses directly on the business competition that RFP and Resnikoff will assertedly create for Woodbridge Care. As has already been discussed, business competition is not an accepted basis for aggrievement under our law.
Woodbridge Care's third asserted injury, contained in the second half of paragraph 21 of the appeal, is, on paper, more promising. It alleges that "the approvals lessen the value of plaintiff's option in the parcel located at 21 Bradley Road." Without deciding the point, it may be assumed for purposes of argument that this assertion, if proved, would be sufficient to constitute aggrievement. The problem is that Woodbridge Care did not prove this assertion at the evidentiary hearing. It represented that the option in question had been exercised after the filing of the appeal but presented no evidence whatsoever on what the value of that option was either before or after the P 
CT Page 6036 Z action in question or on any diminution of that option's value.
Although analysis of Woodbridge Care's asserted aggrievement might end appropriately with the grounds asserted in its appeal, it seems fair to at least briefly consider the somewhat different ground of aggrievement that it argued at the hearing in this court. As I understand it, Woodbridge Care's position at the hearing was as follows. Woodbridge Care has to spend a certain amount of money in developing its property at 21 Bradley Road in conformity with the Woodbridge zoning regulations as Woodbridge Care understands them to be. RFP, by gaining the assertedly unlawful modifications that it sought, will have to spend less money in developing its property at Highland and Amity Roads. This means that Woodbridge Care will have spent money unnecessarily. This consideration is insufficient to confer aggrievement.
I reach this conclusion for two reasons. In the first place, the record is clear that Woodbridge Care at no time, before or after RFP's successful application, applied for a similar modification. For all the record shows, it might have obtained a similar modification had it applied. Under these circumstances, there is no reason, other than speculation, to credit Woodbridge Care's assertion that it has, in some way, been invidiously treated.
In the second place, Woodbridge Care's argument fundamentally misconstrues the nature of aggrievement. The essence of aggrievement is not that someone else has been unfairly advantaged but that the person claiming to be aggrieved has been adversely affected by the decision of the board. See Kamerman v.LeRoy, 133 Conn. 232, 237, 50 A.2d 175 (1946). Under the rule ofNader v. Altermatt, supra, "the party claiming aggrievement must successfully establish that [its] specific personal and legal interest has been specially and injuriously affected by the decision." 166 Conn. at 51. To put it another way, the party claiming aggrievement must show that it has sustained special damage, different in kind and degree from the community generally. See Sun-Brite Car Wash, Inc. v. Board of Zoning Appeals, 508 N.E.2d 130, 133 (N.Y. 1987). Woodbridge Care has presented no evidence that it has been adversely affected or in any way damaged by the decision in question here. That decision did not compel Woodbridge Care to spend an extra penny. In economic terms, Woodbridge Care's expenditures were sunk costs at the time of the P Z decisions in question. Those expenditures CT Page 6037 were not affected by the P Z's actions concerning RFP. Moreover, those expenditures will not be affected by any P Z action in the future unless Woodbridge Care requests a similar modification itself. That, as already mentioned, is something that Woodbridge Care has chosen not to do. Under these circumstance, Woodbridge Care has not been adversely affected by the decision of the P Z and is not an aggrieved person.
For these reasons, me motions to dismiss must be granted.
Jon C. Blue Judge of the Superior Court