[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 13, 1997
FACTS
On July 18, 1995, the City of Norwich Commission on the City Plan granted site plan approval to the applicant, the City of Norwich. The City's application was for a project known as the Taftville Reservoir Park. The project consisted of two softball fields, one regulation soccer field, two mini soccer fields, associated parking facilities and underground utilities. The project was built on 21.98 acres of a 99.26 acre parcel of land. The City placed the remaining 78 acres in a conservation easement.
Previously, on June 1, 1995, the Norwich Wetland and Watercourses Commission had approved the defendants' application for wetlands permit. No appeal was taken from that decision.
On June 30, 1995, the Taftville Reservoir Preservation Group became a party to this application proceedings. Upon the filing of an intervention petition pursuant to § 22a-19 of the Connecticut General Statutes, the Commission treated the CT Page 2256 Preservation Group as an intervening party.
The original appeal, which is headed Complaint, is dated August 5, 1995. Three paragraphs in that appeal would appear to be relevant to the matter presently before this court. That appeal provides, in pertinent part, that:
 1. Plaintiff, Taftville Reservoir Preservation Group (TRPG), is an association of concerned citizens working to preserve and maintain the integrity of the Taftville Reservoir and its adjoining woodland and wetlands as a viable and productive habitat.
 2. At all times herein mentioned, the defendant, Norwich Commission on the City Plan (the Commission), was the duly established Planning and Zoning Commission of the Town of Norwich.
 3. On June 30, 1995, TRPG became a party to the special use application proceeding upon which this appeal is taken, upon filing an intervention petition pursuant to § 22a-199 (a) C.G.S. On this same date, TRPG was recognized by the Commission as an intervening party.
At a hearing held by this court, on the defendants' motion to dismiss on October 24, 1996, the plaintiff offered on the record to withdraw its appeal insofar as its appeal purported to be authorized by § 8-8 of the Connecticut General Statutes.
On October 28, 1996, the plaintiff filed a motion entitled "Motion to Modify Interim Order." That motion contained the following sentence:
 Further research by Plaintiff's counsel demonstrates that the plaintiff had a viable § 8-8 appeal and in the interest of the client and fairness should not be withdrawn.
At the end of that motion, the plaintiff included an order which reads as follows:
 The foregoing motion to modify having been heard by this court, is hereby ordered that the plaintiff is to file its revised complaint clearly delineating the CT Page 2257 § 8-8 and § 22a-19 claims within the time originally set forth by the court and that each party should include in its brief on jurisdiction discussion of the validity of the § 8-8 and § 22a-19 claims.
On November 15, 1996, the above quoted order was entered by this court.
On December 11, 1996, this court issued a memorandum of decision on the motion to dismiss [18 CONN. L. RPTR. 417]. The final paragraph of the memorandum reads as follows:
 The appeal pursuant to § 8-8 is dismissed. The appeal raising the issues set forth in § 22a-19 is not dismissed. The plaintiff is ordered to give notice to the commissioner of Environmental Protection.
On December 24, 1996, the plaintiff filed a motion to reconsider the memorandum of dismissal.
On January 7, 1997, the court granted the motion for reconsideration and ordered argument on the reconsideration at 2:00 p.m. on January 27, 1997. In that order granting reconsideration, the court indicated that it would not reconsider its dismissal of the § 8-8 claim, but would reconsider the refusal to dismiss the § 22a-19 claim and its order that notice be served on the Commissioner of Environmental Protection.
The court had ordered service upon the Commissioner because it was the court's understanding at the earlier argument that the § 22a-19 appeal was by reason of intervention in a wetland appeal authorized by § 22a-43. When reconsideration was requested, the defendant took the clear position that its § 22a-19 appeal was not a wetland appeal and objected to the requirement that it serve the Commission.
On January 13, 1997, notwithstanding the pending motion of reconsideration, the plaintiff filed a document headed "Notice of Service on the Commissioner of the Department of Environmental Protection."
DISCUSSION
Appeal pursuant to § 22a-19. CT Page 2258
It is now clear to the court that defendant claims two bases for an appeal. First, the defendant claims that it has the right to appeal pursuant to § 22a-19 of the Connecticut General Statutes. That section allows participation by an intervenor:
 . . . [i]n any administrative licensing or other proceeding, and in any judicial review thereof made available by law, . . ." [Emphasis added.]
This court's original understanding was that the defendant was claiming that a judicial review was made available by § 22a-43.
In fact, it is now clear that the defendant does not claim that its right to appeal is based in § 22a-43. Rather the defendant claims a right to appeal as a direct result of § 22a-19. Section 22a-19 does not authorize such an appeal. It authorizes participation "in any judicial review thereof made available by law." Thus, in Red Hill Coalition, Inc. v. Town Planand Zoning Commission, 212 Conn. 227 (1989), the participation was in a proceeding authorized by § 22a-43. In Mystic MarineLife Aquarium, Inc. v. Gill, 175 Conn. 483 (1978), the participation was in a proceeding authorized under § 25-17. In Paige v. Town Planning and Zoning Commission, 231 Conn. 934
(1994), the participation was in an appeal authorized under to § 8-8. The court holds that § 22a-19 creates no independent right of appeal, but merely allows participation in an appeal otherwise authorized. The purported appeal pursuant to § 22a-19 is dismissed.
Appeal pursuant to § 8-8.
Prior to Timber Trails Corporation v. Planning ZoningCommission, 222 Conn. 380 (1992), there was serious question whether an unincorporated association which did not and could not own real estate could ever be aggrieved for purposes of § 8-8. In Rankel, et al. v. Zoning Commission of the Town ofMarlborough, CV84-028991 (Judicial District of Hartford, October 18, 1985) (Aronson, J.), the court held that a voluntary association such as TRPG had no standing to sue because it could not show injury to itself.
Similarly, in Buckland Neighborhood v. Planning ZoningCommission, CV91-0392953, 6 CONN. L. RPTR. 693 (Judicial District of Hartford, March 31, 1992) (Maloney, J.), under virtually the same facts that are before this court, that court held that an CT Page 2259 unincorporated voluntary association cannot be an aggrieved party in a § 8-8 appeal. Judge Maloney decided BucklandNeighborhood on March 31, 1992. Timber Trails was argued on February 19, 1992, but the decision was not released until June 3, 1992. In Timber Trails, plaintiff property owners and a property owners' association appealed to the trial court from a decision by the defendant Planning Zoning Commission of the Town of Sherman granting an application for a subdivision for certain real property.
The original appellants were Stephen Eisner, Marie Ray, Margery Porter, Carlo Henze and Edwin Barber, together with an appeal by the property owners association. Each of the individuals owned property in the Timber Trails development area at the time of the to appeal on March 1, 1980. By the time the cases were decided, on February 18, 1992, only Edwin Barber still owned property within the development. He had withdrawn as a named plaintiff, but remained a member of the Timber Trails Property Association.
In Timber Trails, the Supreme Court wrote:
 In the second case, the corporation contests the standing of the association to appeal to the Superior Court from the decision of the commission. In Connecticut Association of Healthcare Facilities, Inc. v. Worrell, 199 Conn. 609, 508 A.2d 743 (1986), this court approved representational standing as delineated by the United States Supreme Court in Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d (1977). "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interest it seeks to protect are germane to the organization's purposes; and, (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. Timber Trails, at 393.
The plaintiff in Timber Trails had claimed that the property owners association had no standing and that the rule of Worrell
should not apply to zoning appeals. The Supreme Court rejected that claim in the following language: CT Page 2260
 We agree with the trial court that the association has established its standing to represent those of its members who have been aggrieved by the decision of the commission. Timber Trails, at 395.
In Timber Trails, several members of the association were individual plaintiff's. It also appears that the pleadings inTimber Trails claimed that individual members of the association were statutorily aggrieved.
Aggrievement is a jurisdictional prerequisite to maintaining a land use appeal and it is required that aggrievement be pleaded and proven as a condition of the appeal. Baklarr v. West Haven,193 Conn. 59, 65 (1984).
A party's status as an intervener at the agency level does not create aggrievement. Light Riggings Company v. DPUC,219 Conn. 168, 171 (1991).
In the revised complaint dated October 28, 1996, TRPG alleges:
 2. The second named representative of the plaintiff is Morris Fontain, a natural person and resident of the City of Norwich, Connecticut, whose property abuts the site of the property in which the activities that are subject of this complaint occurred. Mr. Fontain has been a member of TRPG since June, 1995.
In paragraphs 4 and 5 of the amended complaint, the allegations are made:
 4. Members of TRPG include abutting land owners to the Taftville Reservoir, of which Mr. Morris Fontain is an example.
 5. Under C.G.S. § 52-572j, associations may sue by a derivative action through an individual member. Further under § 52-76, associations may sue and be sued in their own name.
In Timber Trails, aggrieved members of the association were also parties at least at the time of the original action. In the instant case, the only plaintiff in the original action was the CT Page 2261 association itself. No individual member of the association was a plaintiff. Equally important, in the original August 5, 1995 complaint, there is no allegation within the body of the association's complaint that alleges that any individual member is aggrieved, or that any individual owning abutting property is a member of the association, or that the association claims to be representing individual members.
This court is willing to assume arguendo that it is not necessary for an individual member who can satisfy the aggrievement standards of § 8-8 to be a party in order to allow an association to sue in a representative capacity. However, it does appear, at a minimum, that the association must allege that it is suing in a representative capacity and must, in its complaint, plead that some specific member is aggrieved.
It may well be that language such as that contained in paragraphs 2, 4 and 5 of the amended complaint of October 28, 1996, would be sufficient to give TRPG standing to sue in a representative capacity. However, this court finds that there are no allegations in the original complaint of September 5, 1995, that allege: 1) that the association is suing in a representative capacity; 2) that any individual owner is aggrieved and is a member of the association; or 3) that any individual owner, who is a member of the association, has brought a suit in his own name.
Since aggrievement is an essential prerequisite to jurisdiction for our appeal under § 8-8, and since no aggrievement whether by representation or otherwise has been alleged in only appeal (May 5, 1995) taken by TRPG in a timely manner, its complaint pursuant to § 8-8 is dismissed for lack of subject matter jurisdiction.
CONCLUSION
To the extent that TRPG claims the right to bring an appeal directly pursuant to the authority of § 22a-19, the court finds that § 22a-19 does not authorize an appeal but only authorizes intervention in an appeal that is otherwise authorized by statute. Accordingly, there is a jurisdictional defect in any attempt to appeal solely pursuant to § 22a-19.
To the extent that TRPG claims the right to bring an appeal pursuant to § 8-8 in a representative capacity, no such claim CT Page 2262 was made until the amended appeal date October 28, 1996. Accordingly, the appeal of August 5, 1995 fails for lack of aggrievement. The amendment complained of October, 1996, which alleges representative aggrievement for the first time, fails for lack of jurisdiction because it was not brought in a timely manner. The appeal pursuant to § 8-8 is dismissed for lack of subject matter jurisdiction.
Although not raised by the plaintiff, the court finds nothing in § 8-8 (p) which would authorize an amended pleading to allege aggrievement, a subject matter jurisdictional requirement, for the first time some fourteen months after the original complaint, and fourteen months after the time for appeal set forth in § 8-8 (d), "thirty days."
Booth, J.