[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By application dated March 7, 1997, the defendant Giuseppe N. Pisani sought approval from the defendant Woodbury Zoning Board of Appeals for a special exception for a nonconforming use at 194 Old Town Farm Road in Woodbury, Connecticut. (Record, Exhibit A) The property is owned by the defendant, The Connecticut Tube Products, Inc. The Board held a duly noted public hearing on the application on April 7, 1997. (Record, Exhibit G) The public hearing was continued to April 21, 1997. (Record, Exhibit E) On May 5, 1997, the Board approved the application. (Record, Exhibit E) Notice of the Board's decision was published in the Voices on May 14, 1997. (Record, Exhibit B)
 I
Aggrievement is a prerequisite to maintaining a zoning appeal, and the plaintiffs bear the burden of proving that they are aggrieved by the Board's decision. Primeamerica v. Planning Zoning Comm'n of Greenwich, 211 Conn. 85, 92-93 (1989); London v.Planning and Zoning Comm'n of Town of Stratford, 149 Conn. 282, 284
(1962). Aggrievement is a jurisdictional question. WinchesterWoods Associates v. Planning Zoning Comm'n, 219 Conn. 303, 307
(1991). Unless the plaintiffs allege and prove aggrievement their case must be dismissed for lack of subject matter jurisdiction.Fuller v. Planning Zoning Comm'n, 21 Conn. App. 340, 343 (1950). "The jurisdictional requirement of aggrievement serves both a practical and functional purpose in assuring that only those parties with genuine and legitimate interests which are affected have the opportunity to appeal." Merrimack Associates, Inc. v.DiSesa, 180 Conn. 511, 516 (1980).
There are two categories of aggrievement: statutory and classical. Cole v. Planning Zoning Comm'n, 30 Conn. App. 511,514 (1993). In order to be statutorily aggrieved by the Board's decision, the plaintiffs must plead and prove that they own land that abuts or is within 100 feet of the property in dispute. See General Statutes § 8-8. In order to show classical aggrievement, the plaintiffs must satisfy a two part test: first, they must demonstrate a specific personal and legal interest has been specially and injuriously affected by the decision. United CableTelevision Services Corp. v. Dept. of Public Utility Control,235 Conn. 334, 342-43 (1995).
General Statutes § 8-8 (a)(1) sets forth the requirements of statutory aggrievement for appeals from a zoning board to the Superior Court: an "`aggrieved person' includes any person owning CT Page 1404 land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." "Land involved in" means the land claimed to be owned by the applicant, accepted by the Board as owned by the applicant, and on which the Board based its decision. McNally v. Zoning Comm'n of the City ofNorwalk, 225 Conn. 1, 8 (1993). In this case, the land involved in the Board's decision is the property.
In their amended complaint, the plaintiffs allege that they own property in the immediate vicinity of the proposed use. The property owned by the plaintiffs is allegedly located diagonally across Old Town Farm Road from the property and the proposed use is within sight of the plaintiffs' home." These allegations are insufficient to demonstrate statutory aggrievement requirements. For instance, in Montanaro v. Roxbury Zoning Comm'n, the court found that the plaintiffs were not statutorily aggrieved where the plaintiffs alleged that their property was twenty-five feet from the route trucks used to get to the property in dispute. Montanarov. Roxbury Zoning Comm'n, 1996 WL 431826 (Conn.Super., Litchfield, 1996). Since the plaintiffs have not alleged ownership of land abutting or within one hundred feet of the property, they are not statutorily aggrieved.
The plaintiffs have not alleged sufficient facts to demonstrate classical aggrievement. The plaintiffs cannot meet the first requirement for classical aggrievement: a demonstrated specific personal and legal interest in the subject matter of the Board's decision, as distinguished from a general interest shared by members of the community at large. See United Cable TelevisionServices Corp. v. Dept. of Public Utility Control, 235 Conn. 334,342-43 (1995). They also cannot meet the second requirement of showing that the decision caused injury to a specific personal and legal interest. Id.
First, the plaintiffs' allegations concerning the alleged detrimental effects from the Board's decision do not arise from the subject matter of the decision, i.e. the use proposed to be conducted at the property. Instead, the plaintiffs allege that they are aggrieved because the decision of the Board will detrimentally affect the value of this property [in the immediate vicinity of the proposed use], the safety and quality of life in the neighborhood, and the plaintiff's ability to use and enjoy their property." (Record) These fears do not relate to use at the site, which was the subject matter of the Board's decision. SeeBrown v. Town of Willington Planning and Zoning Comm'n, 6 CONN. L. RPTR. 470, 1992 WL CT Page 1405 123874 (Conn.Super., Rockville 1992). The allegations concern off-site properties and the streets of Woodbury. [I]t is not the particular action by the [Board] concerning the subject property that offends them, but any action by the [Board] to permit such activity anywhere in [Woodbury]. Id. Thus, the plaintiffs' claimed interests do not concern the actual site at 194 Old Town Farm Road, which was the subject matter of the Board's decision.
Second, the interests which the plaintiffs claim are harmed by the Board's decision are indistinguishable from the interests of the community as a whole. The plaintiffs allege that:
 the proposed use would be an intensification of a nonconforming use, would degrade the quality of life in the neighborhood, would create noise, traffic congestion, and odors, would violate the Town of Woodbury's zoning regulations and zoning scheme, would be incompatible with neighboring uses, would devalue property in the area and would subject the natural resources in the area to pollution and degradation, and that the roadways serving the property [194 Old Town Farm Road] are inadequate to safely handle the truck and auto traffic that would be created.
Amended Complaint, Count 1, ¶ 5.
Generalized and speculative fears are insufficient to prove aggrievement. Walls v. Planning and Zoning Comm'n of Town of Avon,176 Conn. 475, 477 (1979). As the emphasized words from the complaint show, the plaintiffs' fears are generalized public fears and not any interest that is distinguishable from the interests of the community. They refer to harms in the area and the neighborhood.
Property owners are not aggrieved when traffic merely passes their property. Tucker v. Zoning Board of Appeals, 151 Conn. 510,514 (1984) (property owner 1000 feet away not aggrieved by proposed gasoline station where owner alleged walking and driving difficulties and decrease in value of home); Gorecki v. Planningand Zoning Comm'n, 1995 WL 416299 (Conn.Super., Middletown 1995) (fear of increased traffic from proposed shopping center insufficient to establish specific personal and legal interest (Record, Exhibit C); Whalen v. Planning and Zoning Comm'n, 1994 WL CT Page 1406 185586 (Conn.Super., New Haven 1994) (Record, Exhibit D). The plaintiffs do not allege that the impact of noise, traffic and odors will affect them in any greater concentration or will be more to their detriment than to others. Similarly, the plaintiffs' vague allegation of decreased property values in the area is too general and speculative. Goodman v. Zoning Comm'n of the City ofDanbury, 10 CLT 20, p. 12, 15 (1984) (diminution in real estate value from Danbury Fair Mall too speculative and general, despite appraiser's calculation of fifteen percent diminution) (Record, Exhibit E). Thus, the plaintiffs' generalized and speculative fears regarding injuries to the area are insufficient to plead a special personal and legal interest or injury to that interest.
The finding that the plaintiffs are not aggrieved terminates the court's consideration of the case. Kinney v. State,219 Conn. 168, 172. As stated in Kinney," . . . . Once an issue of subject matter jurisdiction is raised, the court must dispose of this legal question as a threshold matter." Concerned Citizens of Sterling v.Sterling, 204 Conn. 551, 556-57; 529 A.2d 229, 238, 502 A.2d 410
(1985). "`Whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings.' Chzrislonk v. New York, N.E. H.R. Co., 101 Conn. 356,358, 125 A. 874 (1924). Cahill v. Board of Education, supra; Petv. Department of Health Services, 207 Conn. 346, 351, 542 A.2d 672
(1988). (Footnote omitted.)
 II
The plaintiffs allege that they are aggrieved pursuant to the Connecticut Environmental Protection Act (Conn. Gen. Stat. § 22a-14
et seq.) ("CEPA"). Specifically, they have brought this count pursuant to § 22a-19 of CEPA, as § 22a-19 is the only section of the Act which requires the filing of a verified pleading, which plaintiffs have filed. Section 22a-19 allows party intervention in another pending action, but does not authorize the filing of an independent action and provides no remedy. In their demand for relief, the plaintiffs seek reversal of the Board's decision and an order denying the permit, which is the General Statutes § 8-8 remedy for parties who are aggrieved by a zoning board decision.
By contrast, General Statutes § 22a-16, the only section of CEPA which provides for an independent basis for standing for an action in superior court, only authorizes a party to seek declaratory and equitable relief. Thus, because the plaintiffs are seeking statutory remedies under General Statutes § 8-8, the CT Page 1407 plaintiffs are apparently bringing a claim pursuant to § 22a-19 in their second count.
The plaintiffs now argue that they have standing under General Statutes § 22a-16 because they seek as relief an order directing the Board to deny the application for a special exception at the property, and such other relief as the court may deem appropriate. However, nowhere in their Amended Complaint do the plaintiffs mention § 22a-16, nor do they seek declaratory and equitable relief. Under the circumstances, it is disingenuous for the plaintiffs to now seek to claim standing under § 22a-16 and to attempt to avail themselves of the remedies afforded by that statute.
Assuming, arguendo, that the plaintiffs lack standing to bring count one of this appeal because they are not aggrieved, the plaintiffs' § 22a-19 action contained within Count Two of their Amended Complaint also must fail for lack of subject matter jurisdiction because § 22a-19 only allows for intervention in an existing action. General Statutes § 22a-19 does not grant to the plaintiffs an independent right to appeal:
 In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . . any person . . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting,. impairing or destroying the public trust in the air, water or other natural resources of the state.
General Statutes § 22a-19.
In order for the plaintiffs to appeal pursuant to General Statutes § 22a-19, they must intervene in an underlying judicial review of an agency action. "While intervenors can file a petition in someone else's appeal, section 22a-19 applies to judicial review of an administrative proceeding, which means that unless a conventional appeal has been filed under section 8-8, there is no proceeding to intervene under section 22a-19, and there is no right to appeal created by section 22a-19." Fuller, ConnecticutPractice Book, Vol. 9, § 32.6, p. 546 (1993); see also Doyle v. Comm'r ofEnvironmental Protection, 3 CONN. L. RPTR. 463, 465, 1991 WL 58460. CT Page 1408 (Record, Exhibit F).
Section 22a-19 does not provide an independent cause of action. It permits intervention for the limited purpose of raising environmental issues. See e.g. Connecticut Fund for theEnvironment, Inc. v. Stamford, 192 Conn. 247, 278 n. 2 (1984) (allowing intervention of citizen group to intervene in proceeding between the applicant and local environmental protection board). "Intervention allows one who was not a party in an original action to become a party upon his request. He has a derivative role by virtue of an action already shaped by the original parties."Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 48 (1987).
 We note that title 22a of the General Statutes, entitled "Environmental Protection," confers standing on private persons to bring actions to protect the environment. Any member of the general public can initiate an independent declaratory judgment action under General Statutes Sec. 22a-16 in order to raise issues involving the public trust in air, water, or other natural resources of the state. Pursuant to General Statutes 22a-19
(a), a member of the general public may intervene in an existing judicial review of the agency action.
Bombero v. Planning and Zoning Comm'n of Town of Trumbull,40 Conn. App. 785 [40 Conn. App. 75], 88-89 (1996) (internal citations omitted).
In this case, the plaintiffs are not intervening in another judicial action that has an independent basis for standing, nor are they claiming declaratory and equitable relief pursuant to § 22a-16. Because this court lacks subject matter jurisdiction over the claim in the first count, there is no cause of action in which they can intervene. The § 22a-19 intervention in Count Two is dependent on the court having jurisdiction over the cause of action in Count One and cannot exist as an independent claim. Simply put, because count One fails, Count Two must also fail because of lack of subject matter jurisdiction. Therefore, because the plaintiffs do not have standing to bring the derivative environmental claims in the second count of their amended complaint pursuant to § 22a-19, count two must be dismissed by this court for lack of subject matter jurisdiction. CT Page 1409
Judgment may enter dismissing the appeal.
PICKETT, J.