[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs seek to initiate an appeal of a decision of the defendant Glastonbury Plan and Zoning Commission which approved a subdivision applicant of the defendant Zella Ferrando. The plaintiffs bring this action under the Connecticut Environmental Protection Act (CEPA), General Statutes §22a-14, et seq., specifically § 22a-19.
Both the defendant property owner and the plan and zoning commission have filed motions to dismiss on the basis that the CT Page 8425 plaintiffs lack standing to bring the action.
The issue presented is whether § 22a-19[1] allows "any person" to initiate a challenge to an administrative decision.
The plaintiffs do not allege or maintain that they meet the aggrievement standards ordinarily necessary to bring a zoning appeal. See General Statutes § 8-8; Primerica v. Planning andZoning Commission, 211 Conn. 85, 92-93 (1989); Cole v. Planningand Zoning Commission, 30 Conn. App. 511, 514 (1993); UnitedCable v. Dept. of Public Utility Control, 225 Conn. 1, 8 (1993). The plaintiffs argue that any person may initiate a zoning appeal, without proof of aggrievement, if there is an environmental issue raised. The court rejects this claim and dismisses the appeal.
Section 22a-19 specifically grants a right of intervention in "administrative, licensing or other proceedings, and in any judicial review thereof made available by law. . . ." The plaintiffs cite no case which equates the right of intervention with standing to initiate a legal review. "Aggrievement is a prerequisite to maintaining zoning appeals and the plaintiffs bear the burden of proving their aggrievement." Primerica v.Planning Zoning Commission, supra, 211 Conn. 92-93.
The plaintiffs rely on a case involving an action for declaratory and equitable relief against unreasonable pollution under § 22a-16; Manchester Environmental Coalition v.Stockton, 184 Conn. 51 (1981); and an appeal under § 8-8 (b) by abutting landowners; Paige v. Town Plan Zoning Commission,235 Conn. 448 (1995).
Our Supreme Court has implicitly recognized the limitation of § 22a-19. "It [CEPA], therefore, allows a member of the general public to intervene in an existing judicial review of an agency action or to initiate an independent declaratory or injunctive action." Connecticut Water Co. v. Beausoleil,204 Conn. 38, 44-45 (1987). See also Red Hill Coalition, Inc. v.Conservation Commission, 212 Conn. 710, 715 (1989).
Superior Court decisions which have considered this issue have rejected the right to initiate an administrative appeal under § 22a-19. Roth v. Zoning Bd. of Appeals, Superior Court, judicial district of Litchfield, Docket No. 73986 (21 Conn. L. Rptr. 281, February 3, 1998); Taftville ReservoirCT Page 8426Preservation Group v. Commission on City Planning, Superior Court, judicial district of New London at Norwich, Docket No. 108604 (19 Conn. L. Rptr. 69, March 3, 1997).
The plaintiffs did not intervene before the defendant commission and have no right to initiate an appeal of the agency's decision.
The motions to dismiss are granted.
Robert F. McWeeny, J.