[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by two neighborhood associations and three individuals from a decision of the Conservation Commission of the CT Page 7234 City of Norwalk in granting a permit to 51 Richards Avenue, LLC, to conduct certain regulated activities to construct a 133,527 square foot, single use, retail membership store on a 9.75+ acre parcel of land, and a 18,509 square foot retail store on the remaining 1.53+ acre parcel, both located at the southwesterly corner of Richards Avenue and Connecticut Avenue in Norwalk. The Conservation Commission of the City of Norwalk administers and enforces the Inland Wetlands and Watercourses Regulations of Norwalk. A public hearing was held by the Commission on March 24, 1998. On April 21, 1998, the Commission approved the application with conditions. The plaintiffs, after due publication, timely appealed.
JURISDICTION
In order to take advantage of a statutory right to appeal from the decision of the local agency, there must be strict compliance with the statutory provisions that create that right.Simko v. Zoning Board of Appeals, 206 Conn. 374, 377 (1988). These provisions are mandatory and jurisdictional, in nature. Id., 377. Accordingly, the failure to comply subjects the appeal to dismissal. Id. The court has examined the statutes and regulations in question and determines that the appealed filed by the plaintiffs, is timely and complied with the statutory requirements. The plaintiffs complaint does not allege that the Commission erred in any of its jurisdictional obligations in granting the application to 51 Richards Avenue, LLC. Therefore, this court concludes that it has subject matter jurisdiction to decide the plaintiffs appeal. Cardoza v. Zoning Commission,211 Conn. 78, 80-81 (1989).
 STATEMENT OF FACTS
The defendant, 51 Richards Avenue, LLC, is the contract purchaser of the property, which adjoins 1-95 on the south and is located in Norwalk near its border with Darien at the southwesterly corner of the Richards Avenue and Connecticut Avenue (U.S. Route No. 1) intersection. The property is owned by Framatone Connectors USA, Inc., formerly the Burudy Corporation. It contained, as of the date of the applications, over 240,000 square feet of vacant buildings, previously utilized for offices, research and industrial purposes. At one time, the buildings housed 1,000 employees, but in the last twenty years the average was 700 employees. The buildings are to be demolished and replaced with a total of 152,036+ square feet of retail space in CT Page 7235 two (2) structures, with parking for approximately 698 cars. Costco is the reported the single use retail membership store. The defendant applied for a municipal inland wetlands permit under the Inland Wetlands and Watercourses Regulations of the City of Norwalk. Pursuant to General Statutes § 22a-19, plaintiffs William Wrenn and the West Norwalk Association filed a Notice of Intervention in the administrative proceeding. ROR, Item 42. They appeared at the public hearing, offered expert evidence and documentation as to site contamination.
There are no wetlands or watercourses on any portion of the 11.28 acre property. The property is bounded on the west by Five Mile River and thus is within the authority of the Commission. The defendant's memorandum describes Five Mile River as follows: "A narrow offsite wetlands system along the Five Mile River is approximately fifteen feet from the western border of the Subject Property." After a review of the maps on file, this appears to be an accurate description. The property is currently contaminated. Toxic substances, presumably deposited when the property was used for industrial purposes, have permeated the soil and leeched off the property. The Return of Record shows that a number of wells supplying water to private homes to the south of the property have been polluted. The current owner of the property is supplying water to those homes and is engaged in remediation efforts to remove the pollution on and off the site as well as properly remove any contaminated soil. Full records of the off site pollution as well as complaints to the Department of Environmental Protection (DEP) and DEP filings are contained in the Return of Record. The applicant's proposed regulated activities were: (a) removal of existing pavement and concrete within fifty feet of an off site wetlands and watercourses system known as Five Mile River; (b) construction of a shallow detention basin adjacent to Five Mile River; (c) water flow from the site to this shallow detention basin; (d) upland landscaping along the edge of the Five Mile River. The new buildings, except for the detention basin, would not be located in any regulated area. The demolition of the existing buildings would also not occur in any regulated area. The entire property was elevated above the Five Mile River.
At the public hearing the Commission heard testimony from or had reports submitted by the following experts in favor of the application: Bohler Engineering, Butler Design Group; Leonard Jackson Consulting Engineers; Soil and Science Environmental Services; Jennifer Bino, biologist; Dinus Fortakis, engineer; CT Page 7236 Leonard Jackson, hydrologist and professional engineer; and Andrew White, licensed environmental professional geologist. The remediation filings by HRP, environmental consultants with the DEP were contained in the Return of Record.
The plaintiffs make six claims that the Commission acted, illegally arbitrarily and in abuse of its discretion: (1) the reasons given for the decision were not supported by the record; (2) the Commission failed adequately to address the existing and potential contamination of the Five Mile River by the proposed regulated activities including subsurface water migration; (3) the Commission failed to require the applicant to submit information sufficient-to satisfy the requirements of the Norwalk Inland Wetlands and Watercourses Regulations; (4) the Commission failed to provide the plaintiffs with a legally sufficient and adequate opportunity to review and respond to information submitted by the applicant at the public hearing; (5) the Commission improperly limited its review in connection with the application and refused to consider pertinent matters raised by the plaintiffs; and (6) the notice of the public hearing was legally deficient and inadequate to support subject matter jurisdiction. The notice contained the following description of the work which was to take place in the regulated area: "detention pond/landscaping adjacent to the Five Mile River." The notice did not refer to the demolition of 240,000 square feet of existing buildings, removal of soil contamination and the construction of 152,036 square feet of new retail buildings.
The defendants countered their six claims with the following arguments: (1) the reasons given by the Commission were detailed and were supported by the record. The conditions contained in the decision were supported by the requirements of the Inland Wetlands and Watercourses Regulations; (2) the Commission properly found that the existing soil contamination and off-site pollution was not relevant to the Commissions duties. The DEP, not the Conservation Commission, is the authorized agency dealing with pollution remediation. The DEP supervision of the applicant's remediation effort was reasonable and was adequately contained in the Return of Record. The Commission placed a condition on its decision that the offsite pollution and soil contamination must be corrected prior to the applicant being permitted to construct the new buildings. ROR A-15 "A site audit must be filed prior to the effective date of the permit." At the public hearing the following was stated by the current property owner, which supported the Conservation Commission's condition CT Page 7237 precedent that the property be free of contamination: "We're committed to remediate the property to the State under the Soil Remediation Standards. That's an obligation that we've taken, we are voluntarily doing that, but it's our responsibility and were going to do that."; (3) all required information was on file before the Commission. Any claimed lack of information had to do with the pollution remediation which was: (a) under the jurisdiction the DEP, (b) not under the jurisdiction of the Conservation Commission, (c) not at issue before the Commission due to this lack of jurisdiction, and (d) adequately dealt with by the Commission by its placing a condition precedent of full remediation prior to the issuance of a permit. There was no evidence in the record that the regulated activity would cause pollution or environmental damage. The plaintiffs testimony that it "may effect ground water" is insufficient proof of this element of the plaintiff's case; (4) no claim of inadequate opportunity to comment was made by the plaintiffs before the clause of the public hearing. A continuance was requested, but no substantial reason was given. They failed to advise the Commission what information was lacking in order to support their continuance request. The transcript demonstrates that the plaintiffs had more than adequate opportunity to present their opposition. They filed substantial documentation of their claims, all of which is in the Return of Record; (5) the transcript fails to support the plaintiffs claim that the Commission improperly limited its review of the application. Routine time limits on all applications were adhered by the Commission in this public hearing; (6) the legal notice was sufficient and met the requirements of case law. Koepke v. Zoning Board of Appeals,25 Conn. App. 611 (1991). The applicants argued that the notice was "vague to the point of being misleading with no statement of the proposed use." There were no wetlands on the site. Only the construction of the detention basin and landscaping next to the Five Mile River, were regulated activities. The notice provided the following information: (1) Applicant's name, (2) name of proposed user, (3) street address of property, (4) tax lot number, (5) name of nearest watercourse, (6) the actual activity in the regulated area, and (7) a reference to the public record where detailed plans were located and available for inspection. Such notice is satisfactory. Woodburn v. Conservation Commission,37 Conn. App. 166 (1995).
This court has reviewed the return of record, the statutory and zoning standards in questions and has carefully read the transcripts, environmental reports and other documents presented CT Page 7238 before the Commission.
 AGGRIEVEMENT
General Statutes § 22a-43 requires proof of aggrievement. The plaintiffs devote three paragraphs of their complaint to aggrievement. They argue the following issues of aggrievement: (1) all plaintiffs claim statutory aggrievement for the purpose of raising environmental issues pursuant to General Statutes § 22a- 19; (2) the individual defendants claim aggrievement because they live in the area and increased traffic from the proposed regulated activity will diminish their property values; and (3) the associations claim aggrievement because their members live in the area and increased traffic will diminish their property values. The court heard a full day of evidence on these aggrievement issues.
The evidence did not show that any individual defendant owned land that abutted or was within ninety (90) feet of the wetlands or watercourses in dispute. General Statutes § 23a-43.
The plaintiffs are not claiming this form of statutory aggrievement.Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525,530 (1987); Olsen v. Inland Wetlands Commission,6 Conn. App. 715, 718 (1986). The plaintiffs, likewise, have not pleaded nor are they claiming automatic aggrievement, in this Conservation Commission case, as a taxpayer in liquor sales. SeeJolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184 (1996). Such a claim has been made, briefed and argued in the companion Zoning Commission ease: West Norwalk Association v. ZoningCommission of The City of Norwalk, Superior Court, judicial district of Stamford-Norwalk, Docket No. 166143.
It is fundamental that appellate jurisdiction in administrative appeals is created only by statute and can be acquired and exercised only in the manner prescribed by statute. Pleading and proof that the plaintiffs are aggrieved within the meaning of the statute is a prerequisite to the trial court's jurisdiction over the subject matter of the appeal. The claims of aggrievement by these plaintiffs presented an issue of fact for the determination of the trial court. The burden of proving that they were aggrieved was on these plaintiffs. Munhall v. InlandWetlands Commission, 221 Conn. 46, 50 (1992).
One plaintiff alone can establish aggrievement. Norwalk v.CT Page 7239Planning Zoning Board, 148 Conn. 492, 495 (1955). Unless the plaintiffs allege and prove aggrievement their case must be dismissed for lack of subject matter jurisdiction. Fuller v.Planning Zoning Commission, 21 Conn. App. 340, 343 (1990). "The jurisdictional requirement of aggrievement serves both practical and functional purpose in assuring that only those parties with genuine and legitimate interests which are affected have the opportunity to appeal." Merrimac Associates, Inc v. DiSesa,180 Conn. 511, 516 (1980).
The plaintiffs have the burden to prove classic aggrievement.Munhill v. Inland Wetland Commission, supra, 211 Conn. 50. "The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decisions as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." Mystic MarinelifeAquarium, Inc. v. Gill, 175 Conn. 483, 493 (1978).
The three individual plaintiffs all claim they own property within a short distance from the subject property all in the west side of Norwalk. One lives two miles away, a second one and onehalf miles and the third defendant 500 yards away. The court determined the distance to be 1000 feet after renewing a survey offered at trial. As to this third individual plaintiff the elevated section of 1-95 separates the subject property from his residence, which is located on a private cul de sac. Virtually no traffic generated by the site would travel on this cul de sac. None of the facts presented on behalf of the three individual plaintiffs establish the first requisite for classical aggrievement: a demonstrated specific, personal and legal interest in the subject matter of the Commission decision, as distinguished from a general interest shared by members of the community at large. General concerns, fears and apprehensions about traffic increase are insufficient to establish aggrievement. Walls v. Planning Zoning Commission of the Townof Avon, 176 Conn. 475, 477 (1979). Sheridan v. PlanningBoard, 159 Conn. 1, 14 (1969); Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 508 (1968); Tucker v. ZoningBoard of Appeals, 151 Conn. 510, 514 (1964) (Delay in exiting driveway not sufficient to prove aggrievement since this is no different CT Page 7240 than impact on the general public) Roth v. Woodbury Zoning Board ofAppeals, Superior Court, judicial district of Litchfield, Docket No. 073986 (February 3, 1998, Pickett, J) (21 Conn. L. Rptr. 281). "They claim no special potential injury different from any other resident of Willington or its surrounding towns. The plaintiffs, living seven and two miles from the subject property, do not reside so close to the site of the zone change so that the impact of the increase in vehicular traffic, noise, and air pollution affects them in greater concentrations and to a greater degree that other members of the general public." Brown v.Willington Planning Zoning Commission, Superior Court, judicial district of Tolland at Rockville Docket No. 49752 (May 27, 1992, Sferrazza, J.) (6 Conn. L. Rptr. 470); Gorecki v. Planning Zoning Commission, Superior Court, judicial district of Middlesex at Middletown, Docket No. 74699 (July 7, 1995, Stanley, J.);Whalen v. Planning Zoning Commission, Superior Court, judicial district of New Haven, Docket No. 3 56643 (May 4, 1994, Booth, J.).
The plaintiffs property does not abut Five Mile River or any above-ground underground water table emanating from the subject property. Argued, but not fully briefed, is a claim that the pollution emanating from the property can sometimes adversely affect the plaintiffs. If this is demonstrated either in the Return at Record or in the evidence of aggrievement at trial, the plaintiffs can show classical aggrievement.
The following facts were found sufficient to establish classic aggrievement. "The plaintiff and her husband own and reside with their family on land located in the vicinity of the Michaels' subdivision. Their land is traversed by a stream and wetland system that flows through and issues from the subdivision. The stream and wetland system are likely to capture polluted and contaminated water issuing from the horse riding academy, and the operation of the horse riding academy could adversely affect the well on the plaintiffs property that serves the plaintiffs home. The plaintiff is interested in the maintenance of the purity and cleanliness of the stream and wetland system that flow across her property." Pomazi v.Conservation Commission, 220 Conn. 476, 482 (1991). "From Pomazi it can be seen that the plaintiffs, although not located within the distance which would give them statutory aggrievement, had a specific interest that was being affected by the defendant's actions." Whalen v. Planning Zoning Commission, supra, Superior Court, Docket No. 356643. CT Page 7241
The plaintiffs did not testify that their property values would decrease. The plaintiffs real estate expert did not perform any appraisals to demonstrate a lowering of the individual property values. The court sustained objections to other portions of their expert's testimony since the expert could not offer an opinion on numerical diminution of the market value before and after the subject development. Even if this testimony was allowed, diminution of real estate values from a proposed large retail development has been held too speculative and general to support classical aggrievement. Goodman v. Zoning Commission ofthe City of Danbury, 10 Conn. L. Trib. 20, p. 12, 15 (1984); Joycev. Zoning Board of Appeals, 150 Conn. 696, 698 (1962). None of the three individual plaintiffs have satisfied either requirement for classical aggrievement.
One association, Getner Farms Association, withdrew its appearance at trial leaving only the West Norwalk Association and Brookside Neighborhood Association as association parties. Unless individual members of the association can prove aggrievement, an association is not aggrieved. Timber Trails Corp. v. Planning Zoning Commission, 222 Conn. 380, 393 (1992). Thus, the associations are not aggrieved. State Medical Society v. Board ofExaminers in Podiatry, 203 Conn. 295, 304 (1987); ConnecticutAssociation of Health Care Facilities v. Worrell, 199 Conn. 609,616 17 (1986).
The individual plaintiff, William Wrenn, as president of the West Norwalk Association, filed for intervener status at the Commission's hearing under General Statutes § 22a- 19. Both plaintiffs claims that they are both statutorily aggrieved by reason of that intervention. Brookside Neighborhood Association did not apply. That statute allows party intervention in another pending action. It does not authorize the filing of an independent action and provides no remedy. A person can intervene in an administrative appeal for the limited purpose of raising environmental issues. Red Hill Coalition, Inc. v. ConservationCommission, 212 Conn. 710, 715 (1989); Mystic MarinelifeAquarium, Inc v. Gill, 175 Conn. 483, 490 (1978); ConnecticutWater Co. v. Beausoleil, 204 Conn. 38, 44-45 (1987). However, participation is limited to raising environmental issues, and the intervener does not have the right to question or defend the merits of the agency's action on other grounds. Id., 46, 47. The fact that the plaintiffs appeared before an administrative agency in a zoning case does not automatically constitute aggrievement CT Page 7242 for purposes of maintaining an appeal to the Superior Court.Bakelaar v. West Haven, 193 Conn. 59, 66 (1984); Beekish v.Manafort, 175 Conn. 415, 419 (1978); Milford v. Local 1566,200 Conn. 91, 96 (1986); Hartford Distributors. Inc. v. LiquorControl Commission, 177 Conn. 616, 620 (1979); Fletcher v.Planning Zoning Commission, 158 Conn. 497, 502 (1960). Under General Statutes § 8-8 if a party proves aggrievement then the statute establishes a remedy. General Statutes § 22a- 16 only authorizes a party to seek declaratory and equitable relief. The plaintiffs claims for relief seeks a judgment sustaining the appeal and no specific other relief, declaratory or otherwise is sought. An intervener in the board's hearing under General Statutes 22a-19 has a right to intervene in a later appeal as a matter of right, but that right to intervene is predicated on separate proof of aggrievement, not automatic aggrievement under Title 22a. Med-Trans, Inc. v. Department of Public Health,242 Conn. 152, 168 (1997); Light Rigging Co. v. DPUC, 219 Conn. 168,178 (1991).
In addition, the plain language of General Statutes §22a-16 seems to work against the plaintiffs position. The statute only refers to the power to initiate an independent action when a declaratory judgment or injunction is sought. In reference to other actions, § 22a-19 gives a party the right "to intervene in an existing judicial review." "It therefore, allows a member of the general public to intervene in an existing judicial review of an agency action or to initiate an independent declaratory or injunctive action." Connecticut Water Co. v.Beausoleil, supra, 204 Conn. 44-45.
The plaintiffs have failed to plead the elements of General Statutes § 22a-19, a requisite to establish standing. Paigev. Town Planning Zoning Commission, 235 Conn. 448, 463 (1995). Paragraph 3 of the plaintiffs complaint states: "Plaintiffs, West Norwalk Association and William Wrenn, intervened in the Commission's proceedings on the Company's application pursuant to Conn. Stat. § 22a-19 for the purpose of raising environmental issues pertaining to the application." Paragraph 8 states: "The intervening plaintiffs are statutorily aggrieved for the purpose of raising environmental issues pursuant to Conn. Gen. Stat. § 22a-19." No further allegations regarding 22a-19 are contained in the complaint. General Statutes § 22a-19 (a) requires the filing of a verified pleading, "asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of CT Page 7243 unreasonably polluting, impairing or destroying, the public trust in the air, water, other natural resources of the state." Aggrievement is a jurisdictional prerequisite to maintaining a land use appeal and it is required that aggrievement be pleaded and proven as a condition of the appeal. Bakelaar v. West Haven,193 Conn. 59, 65 (1984). Taftville Reservoir Preservation Groupv. Norwich Commission, Superior Court, judicial district of New London at Norwich. Docket No. 086041 (March 3, 1997, Booth, J.) (19 Conn. L. Rptr. 69).
General Statutes § 22a-19 does not provide an independent cause of action. It only provides for intervention. It permits intervention for the limited purpose of raising environmental issues. Connecticut Fund for the Environment Inc. v. Stamford,192 Conn. 247, 278 n. 2 (1984). The two intervening plaintiffs, William Wrenn and the West Norwalk Association, are not aggrieved in accordance with General Statutes § 22a-19. Light RiggingCo. v. DPUC, 219 Conn. 168, 171 (1991); Roth v. Woodbury ZoningBoard of Appeals, supra, 21 Conn. L. Rptr. 281; TaftvilleReservoir Preservation Group v. Norwich Commission, supra, Superior Court, Docket Number 086041. The plaintiff citesGardiner v Conservation Commission, 222 Conn. 98, 107 (1992); RedHill Coalition, Inc. v. Conservation Commission, supra,212 Conn. 715; and Mystic Marinelife Aquarium, Inc. v. Gill, supra,175 Conn. 490. These cases do not stand for the proposition that all environmental interveners in zoning cases at the hearing level are automatically and statutorily aggrieved at the court appeal level. If the legislature wanted Title 22a to provide for statutory aggrievement they could have clearly provided for it as they did in the case of adjacent property owners. General Statutes §§ 8-8 and 22a-43. So to, the Supreme Court could have specifically found statutory aggrievement by an environmental intervener, but they did not.
The three named defendants are (a) Norwalk Conservation Commission, (b) 51 Richards Avenue, LLC, and (c) Arthur J. Rocque, Jr., Commissioner of Environmental Protection. The Attorney General filed an appearance for Mr. Rocque. "The Commissioner is appearing in wetlands appeals throughout the state to promote uniformity in the disposition of wetlands appeals." Brief of defendant Commissioner of Environmental Protection, December 18, 1998, p. 1. He briefed the issue of automatic aggrievement by reason of General Statutes §22a-19. The state claimed that although General Statutes §22a-19 allows intervention in the administrative hearing to raise CT Page 7244 environmental issues, an administrative intervener is automatically aggrieved and can institute an appeal under General Statutes § 22a-45 without any proof of distance or classical aggrievement by any party. Red Hill Coalition, Inc. v.Conservation Commission, supra, 212 Conn. 714; Mystic MarinelifeAquarium, Inc. v. Gill, supra, 175 Conn. 491. "In any administrative, licensing or other proceeding, and in any judicial review thereof made availal5leby law . . . any person, partnership, corporation, association, organization or other legal entity may intervene as a party. . . ." General Statutes § 22a-19 (a).
In Red Hill Coalition, one of the plaintiffs was an abutting landowner, thereby having statutory aggrievement. General Statutes § 22a-45. In addition, the court in Red Hill found another plaintiff to have "the more traditional aggrievement standing of having a specific, personal and legal interest in the subject matter of the commission's decisions." Red HillCoalition, Inc. v. Conservation Commission, supra, 212 Conn. 716-17. Red Hill is dicta on the issue of General Statutes §22a-19 establishing automatic aggrievement in an environmental case. In any event, under the facts of Red Hill, other parties already had established both distance and classic aggrievement.Red Hill does not hold that a party who claims intervener status under General Statutes § 22a-19 is automatically aggrieved if no other party can establish aggrievement.
"In Mystic Marine Life Aquarium, Inc. v. Gill, supra, we recognized that a party even if not "classically' aggrieved may still have statutory standing to appeal an agency's decision."Red Hill Coalition, Inc. v. Conservation Commission, supra.212 Conn. 714-15. This quotation is inaccurate and is out of context.Mystic Marine involved a number of property owners who appealed a decision of the Commission of Environmental Protection granting permission to construct a floating dock in the Mystic River. The trial court dismissed all appeals on the basis that none of the property owners I had proven aggrievement under General Statutes § 25-17. The named plaintiffs, Mystic Seaport intervened under General Statutes § 22a- 19. The trial court held that the intervening plaintiff "did have standing as a legislative aggrieved person to maintain its appeal for the limited purpose of: raising environmental issues." The trial court found that the other parties were not classically aggrieved. The trial court then found the ultimate issue for the applicant. All the plaintiffs including the intervening plaintiff appealed. No cross CT Page 7245 appeal was taken by the defendants on the trial court's finding of intervening aggrievement.
The issue of whether General Statutes § 22a-19 provided automatic legislative aggrievement was not addressed at the appellate level. The Mystic Marinelife case is, in effect, a trial court decision and is not binding on this court.
This court believes that an appeal under General Statutes § 22a-19 can only be brought by an "aggrieved" person or entity. There are two forms of aggrievement in an environmental case (a) abutting or within ninety feet, General Statutes §22a-45, and (b) Classical aggrievement. Glendenning v.Conservation Corp. , 12 Conn. App. 47, 54 (1987). If no party has proven aggrievement, the appeal must be dismissed. A person or entity can intervene in an environmental appeal. There are two types of intervention, permissive, and as of right. Practice Book § 9-18; Washington Trust Co v. Smith, 241 Conn. 734, 739-40
(1997). General Statutes § 22a-19 creates intervention as of right, but only to raise environmental issues. Herzog v.Bridgeport, 243 Conn. 1, 9 (1997). Mystic Marinelife Aquarium,Inc. v. Gill, supra, 175 Conn. 500. Without General Statutes § 22a19, any person or entity who wished to intervene to raise environmental issues must seek the courts permission. Practice Book § 9-18; General Statutes § 52-102 et seq. This court concludes that General Statutes § 22a-19 is an intervention of right statute and grants neither a right of appeal nor automatic aggrievement.
There is no plain language in Mysticor Red Hill, stating that automatic aggrievement is contained within the wording of § 22a-19. The plain reading of § 22a- 19 does not contain language of automatic aggrievement. The legislature knew to create automatic aggrievement: §§ 22a-45, 8-8 and 12-1 17a, and how not to require proof of aggrievement in administrative matters: § 12-119. Doyle v. Commissioner of EnvironmentalProtection, Superior Court, judicial district of Middlesex at Middletown, Docket No. 59945 (April 5, 1991, Arena, J.). The three cases relied on by the plaintiffs can be distinguished further from the facts of this case. In this case, the plaintiff intervened in the administrative hearing under General Statutes § 22a- 19 and used that same statute to claim automatic aggrievement. In Red Hill, the plaintiffs participated in the lawsuit under the authority of General Statutes § 22a-43; inMystic Marinelife, they participated under General Statutes § CT Page 7246 25-17; and in Paige v. Town Planning Zoning Commission, supra,231 Conn. 934, under General Statutes § 8-8. None of these cases stands for the authority that the plaintiffs claim they stand for. Taftville Reservoir Preservation Group v. NorwichCommission, supra, 19 Conn. L. Rptr. 69.
The plaintiffs, both individual and associations, have failed to convince the court that intervener status under General Statutes § 22a-19 grants them automatic aggrievement without the necessity to prove the elements of classic aggrievement. Nine superior court decisions support this conclusion: Roth v.Woodbury Zoning Board of Appeals, supra, 21 Conn. L. Rptr. 281;Morehouse Hills Development, Inc. v Planning Zoning Board ofCity of Milford, Superior Court, judicial district of Ansonia-Milford at Derby, Docket No. 050637 (May 2, 1996, Mancini, J); Doyle v. Commissioner of Environmental Protection, supra, Superior Court, Docket No. 56645 ("Further, it appears to this court hat because plaintiffs have no statutory right to bring an appeal other than that claimed to exist by virtue of their intervention, then they are viewing 22a-19, by itself, as an appeal statute. However, it is found that 22a-19 was never intended to create a right of appeal where no right of appeal had previously existed. Consequently, it is concluded that plaintiffs are not entitled to maintain this appeal merely because they have intervened under 22a-19."); Taftville Reservoir PreservationGroup. v. Norwich Commission, supra, 19 Conn. L. Rptr. 69 (citingRed Hill and Mystic Marinelife. "The court holds that 22a-19
creates no independent right of appeal, but merely allows participation in an appeal otherwise authorized."); Elsenboss v.Brookfield Zoning Commission, Superior Court, judicial district of Danbury, Docket No. 315462 (April 7, 1995, Stodolink, J.);Grieco v. Redding Zoning Commission, Superior Court, judicial district of Danbury, docket number 306827 (May 24, 1994, Mihalakos, J.); Hyllen-Davey v. Plan Zoning Commission, Superior Court, judicial district of Hartford-New Britain of New Britain, Docket No. 579967 (July 10, 1998, McWeeny, J.); McManusv. Wallingford Inland Wetlands Watercourses Commission, Superior Court, judicial district of New Haven at New Haven, Docket No. 802138 (November 12, 1998, Burns, J)23 Conn. L. Rptr. 380;.Lauver v. Canterbury Planning Zoning Commission, Superior Court, judicial district of Windham of Putnam, Docket No. 54067 (May 19, 1998, Booth, J).
 SCOPE OF JUDICIAL REVIEW IN A WETLANDS AND WATERCOURSES CASE
CT Page 7247
When reviewing a decision of a municipal wetlands agency, a court is not charged with undertaking a broad de novo review of the record. Huck v Inland Wetlands Watercourses Agency, supra,203 Conn. 541. Municipal wetlands agencies have been given broad discretion to oversee municipal wetlands activities. Kaeser v.Conservation Commission, 20 Conn. App. 309, 317 (1989); Klug v.Inland Wetlands Commission, 19 Conn. App. 713, 717-18 (1989).
An agency decision must be sustained if the record reveals that it is supported by substantial evidence. Kaeser vConservation Commission, supra, 20 Conn. App. 311; Bradley v.Inland Wetlands Agency, 28 Conn. App. 48, 52 (1992). The substantial evidence rule has been defined as similar to and analogous to the standard to be applied in judicial review of a jury verdict. It must be enough to justify if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. Samperi v. InlandWetlands Agency, 226 Conn. 579, 588 (1993); Bradley v. InlandWetlands Agency, supra, 28 Conn. App. 52 n. 3.
Issues involving the credibility of witnesses and determination of facts, are matters properly committed to the province of the administrative agency. Laufer v. ConservationCommission, 24 Conn. App. 708, 713 (1991); Huck v. InlandWetlands Watercourses Agency, supra, 203 Conn. 540-51. The commission in reviewing an application for a regulated activity acts in an administrative capacity. Id., 542. The burden of proof is upon the party challenging the action to establish that the record does not support the decision reached by the agency. RedHill Coalition, Inc. v Conservation Commission, supra,212 Conn. 710, 718.
The agency is not required to use the evidence and material presented to it in a particular fashion so long as the conduct of the hearing is fundamentally fair. Bradley v. Inland WetlandsAgency, supra, 28 Conn. App. 53-54. The agency's decision must be sustained if an examination of the record discloses evidence that supports anyone of the reasons given. Huck v. InlandWetlands Watercourses Agency, supra, 203 Conn. 53 9-40. "Local inland wetlands bodies are not little environmental protection agencies. Their environmental authority is limited to the wetland and watercourses area that is subject to theirjurisdiction. They have no authority to regulate any activity that is situated outside their jurisdictional limits. Although in considering an application for a permit to engage in any regulated activity a CT Page 7248 local inland wetland agency must, under 22a-4 1, take into account the environmental impact of the proposed project, it is the impact on the regulated area that is pertinent, not the environmental impact in general." Connecticut Fund for theEnvironment, Inc. v. Stamford 192 Conn. 247, 250 (1984). It is the burden of the plaintiff challenging the administrative action to establish that the record does not support the action of the agency. Red Hill Coalition, Inc. v. Conservation Commission, supra, 212 Conn. 718.
A trial court must search the record to determine if there exists an adequate basis to support the decision. Gagnon v.Inland Wetland Watercourses Commission, 213 Conn. 604, 611
(1990). This court has conducted such a search of the record and is prepared to rule as to whether or not there is an adequate basis in the record to support the Commission's granting of the site plan application for the two retail uses.
Such as ruling by this court is unnecessary in view of its finding that none of the plaintiffs have proven aggrievement.
Accordingly, the appeal is dismissed.
SO ORDERED.
BY THE COURT,
Tierney, J.