[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT STOP SHOP'S MOTION TO DISMISS
A challenge is here mounted against zoning permission, allowing gasoline sales by a large grocery store with a beer permit, in which the appellant largely relies for standing upon the notion that any town taxpayer is aggrieved by any decision involving the sale of liquor.
Plaintiff, Alliance Energy Corp., filed its appeal against two defendants, the planning and zoning board of the city of Milford and Stop Shop Supermarket Company. The complaint alleges the following facts. Alliance owns and rents Milford properties, and thus is a taxpayer in the city. Stop Shop filed an application with the board to change the zoning regulations to allow Stop Shop, and other large grocery stores, to develop gasoline stations on their properties. The board approved the application.
Stop Shop moves to dismiss Alliance's appeal on the ground that Alliance has no standing to bring this action. "To appeal an administrative decision, the plaintiff must be aggrieved by that decision." Northeast Parking, Inc. v. Planning Zoning Commission,47 Conn. App. 284, 287, 703 A.2d 797 (1997), cert. denied, 243 Conn. 969,707 A.2d 1269 (1998); see also Bakelaar v. West Haven, 193 Conn. 59, 65,475 A.2d 283 (1984). "The plaintiff [has] the burden of proving that it [is] aggrieved." Whitney Theatre Co. v. Zoning Board of Appeals,150 Conn. 285, 287, 189 A.2d 396 (1963). Alliance alleges that it is actionably harmed because the board's action will result in adverse traffic and pedestrian impacts, environmental impacts, unfair commercial CT Page 1055 competition and unfair and inequitable administration and enforcement of the zoning regulations. Alliance further alleges that it is a taxpayer in a zoning appeal involving a liquor outlet and therefore has automatic standing because it is legally presumed to be aggrieved under Jolly,Inc. v. Zoning Board of Appeals, 237 Conn. 184, 676 A.2d 831 (1996). (See infra.)
Alliance, which has endeavors in gasoline sales, argues that it will experience unfair commercial competition as a result of the board's action and therefore is classically aggrieved. The test for determining classical aggrievement "encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision. . . . Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision . NortheastParking, Inc. v. Planning Zoning Commission, supra, 47 Conn. App. 288.
"Ordinarily, an allegation of adverse business competition is not sufficient to meet the classic aggrievement test. The court will, however, assume jurisdiction over claims of unfair or illegal
competition. . . ." (Citations omitted; emphasis added.) Id. at 289. In support of its argument that it will experience unfair or illegal competition,[1] Alliance cites State Medical Society v. Board ofExaminers in Podiatry, 203 Conn. 295, 524 A.2d 636 (1987), appeal after remand, 208 Conn. 709, 546 A.2d 830 (1988), where the court held that the plaintiff, a licensed physician, had standing to contest an administrative action that expanded the practice of podiatry. "Standing concerns the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question. . . ." (Citations omitted.) Lewis v. Swan, 49 Conn. App. 669, 675, 716 A.2d 127 (1998). InState Medical Society, the court found that the plaintiff physician asserted an interest that was within the zone of interests to be protected by a constitutional guarantee, namely the right not to be deprived of his property interest in his medical license without due process of law. See, e.g., Lewis v. Swan, supra, 49 Conn. App. 679. The plaintiff in the present case does not appear to have asserted an analogous State Medical Society-type property interest that would entitle it to the same type of protection. Without avowing such an interest, plaintiff has failed to meet the test for classical aggrievement. "It is not enough that a new competitor would cause great economic injury to the plaintiff." Connecticut Post Ltd. Partnership v. South Central ConnecticutRegional Council of Governments, 60 Conn. App. 21, 30, ___ A.2d ___, cert. granted, 255 Conn. 903, ___ A.2d ___ (2000); see also WhitneyTheatre Co. v. Zoning Board of Appeals, supra, 150 Conn. 288-89. CT Page 1056
The Milford regulation applies to commercial garages and service stations. The regulation, prior to the amendment under attack, provided that: "No alcoholic liquor shall be sold from the premises of or site area allocated to any use regulated in this section." Milford Zoning Regs., § 5.4.5.1. The amended regulation excludes large grocery stores with grocery beer permits from this restriction. Milford Zoning Regs., § 5.4.5.2.
Alliance alleges that it has automatic standing to appeal from a zoning decision involving the sale of liquor. "In accordance with existing precedent, any taxpayer in a municipality has automatic standing to appeal from a zoning decision involving the sale of liquor in that community."Jolly, Inc. v. Zoning Board of Appeals, supra, 237 Conn. 186-87. Stop 
Shop concedes that a resident taxpayer might possess this sort of automatic standing but argues that the plaintiff is not a resident taxpayer, only a nonresident taxpayer, and therefore is not automatically aggrieved. This argument is without merit as the Connecticut Supreme Court has previously found that residency is not a requirement where the plaintiff owns real property in the municipality. Zuckerman v. Board ofZoning Appeals, 144 Conn. 160, 164, 128 A.2d 325 (1956). The court stated: "Although the plaintiff is not a resident . . . he is a taxpayer of that town and, as such, is an aggrieved person under the circumstances of this case." Id. The court further stated the reason for extending automatic aggrievement to nonresident taxpayers in Tyler v. Board ofZoning Appeals, 145 Conn. 655, 661, 145 A.2d 832 (1958), where it said "[t]he essence of the (holding] . . . is that to be an aggrieved person within the meaning of the statute one must show a pecuniary interest injuriously affected by the action of the zoning board of appeals and that such a showing may be sufficiently made, in a case where liquor traffic is involved, by proof that one is a taxpayer in the town, in view of the pecuniary effect upon every taxpayer resulting from the incidents of such traffic."
Thus, the question has come down to whether the board's action truly "involves" a liquor outlet. Alliance argues that it does because the amended regulation affects grocery stores with grocery beer permits[2].
Stop Shop argues that Alliance is not aggrieved because neither the prior nor the amended Milford regulation involved the sale of liquor but the sale of gasoline. The amended regulation excepts large grocery stores with grocery beer permits,[3] thus allowing these large grocery stores to sell gasoline. The obvious original purpose of the regulation was to prohibit the availability of liquor at numerous gasoline outlets. Here, the sale of gasoline is being added to a pre-existing beer-supermarket CT Page 1057 outlet. One could argue that the outcome is the same, of course, that beer and gasoline might be made tandem purchases. Yet it is hard to conclude that this amended regulation really much "involved" liquor outlets.
Alliance cites Jolly, Inc. v. Zoning Board of Appeals, supra,237 Conn. 184, for the proposition that the plaintiff's aggrievement is automatically established if the act of an administrative agency, specifically an agency regulating land use, involves a liquor outlet or the sale of liquor. In that case, the court recognized that, in addition to the number of liquor outlets, the location of existing liquor stores may affect the general welfare of the public and could lead to automatic standing of a taxpayer of the community. Id., 200. "[I]n liquor traffic there is a possible source of danger to the public which is not inherent in other businesses and that therefore such traffic warrants distinctive and particular treatment." Id., 198, citing Tyler v. Board of ZoningAppeals, supra, 145 Conn. 661.
The court finds that the amendment to the Milford zoning regulations does not seem to affect liquor commerce, certainly not in the sense of volume or problematic site positioning, as referred to in Jolly, and therefore the public policy reasons articulated in Jolly out not be deemed to apply. It seems fair to say that this appeal is not so much about liquor as it is about gasoline. Accordingly, the court finds that plaintiff is not automatically aggrieved. It is, therefore, without standing.
In a supplemental brief, Stop Shop argues that Alliance has failed to plead particular facts and has made mere conclusory statements that are insufficient to support its claim of aggrievement. Because this court has found that Alliance has no standing, this argument need not be addressed. Therefore, Stop Shop's motion to dismiss Alliance for lack of subject matter jurisdiction is granted.
The Court
Nadeau, J.